## Commonwealth ex rel. v. Manley, etc.

*Thomas J. Foley*, for relator.

*James F. Brady*, district attorney, for respondent.

*Frank J. McDonnell*, for family of decedent.

HOBAN, J., July 8, 1947.—This is a proceeding of habeas corpus for the purpose of determining whether defendant, accused of murder, is entitled to be released from confinement on bail. The theory of counsel for defendant is that the facts indicated on the preliminary examination and from the testimony taken on this writ could not justify a finding of guilt of any offense higher than murder in the second degree;

hence, under the provisions of article I, sec. 14, Constitution of Pennsylvania, the offense proven not being capital, defendant should be entitled to bail.

Apparently the right to bail for a defendant accused of murder has not been decided by our appellate courts. The leading cases seem to be Commonwealth ex rel. Chauncey v. Keeper of the Prison, 2 Ashmead 227, decided by President King of the Court of Common Pleas of Philadelphia County in 1838, and Commonwealth v. Lemley, 2 Pitts. L. J. 362, decided in 1862. The gist of the reasoning in these cases is to the effect that if on the evidence submitted at the preliminary examination the court would not be justified in sustaining a verdict of murder in the first degree found by a jury upon such evidence, then defendant ought to be admitted to bail.

A recent case, Commonwealth ex rel. Condello v. Ingham, 54 D. & C. 253, decided in 1945 in the Court of Common Pleas of Lawrence County, takes a rather opposite view. A majority opinion by Lamoree, J., holds that the words of the Constitution, "the proof should be evident or the presumption great", refers to the guilt of the defendant of the crime, and not to the degree, so that if the evidence would warrant sustaining a finding of guilt of murder, bail ought to be denied, since the court has no power to pass upon the degree of the offense, that determination being reserved for a jury. In the Condello case, however, there was a very strong dissent by President Judge Braham, who held to the reasoning of the earlier cases.

I cannot agree that the majority opinion in the Condello case represents the more consistent interpretation of the Constitution. If the theory is correct, it would follow that upon the trial of a case a judge could not instruct the jury that on the evidence necessary elements of proof of first-degree murder were missing and hence a conviction could only be had in a proper

case on the count charging murder in the second degree. The words, "capital offenses", as used in the Constitution clearly mean offenses for which the death penalty may be imposed, and the death penalty may not be imposed for a conviction of murder in the second degree; hence it is not a capital offense.

The writ in this case, however, must be discharged and the prisoner remanded, because we cannot say that upon such evidence as has been produced a conviction of murder in the first degree could not be sustained. Whether it is probable that a jury would find a conviction of murder in the first degree on such evidence is another question, but we can only be concerned here with the competency of the evidence and not upon what a jury might do with varying inferences which might be drawn from the established facts. The testimony shows that on the night of April 19, 1947, defendant had been told by friends that decedent and his brother were out after him and were going to get him. Defendant at the time was in a pool room and on receipt of this information he went home, secured a revolver belonging to his father and returned to the pool room. Some time after that decedent and his brother came in the pool room and advanced toward defendant, one moving on each side of the pool table near the end of the room where defendant had stationed himself against the wall. Decedent aimed a punch at defendant, then was grappled with by defendant's brother. While defendant's brother and decedent were struggling at a distance of about 10 feet away from where defendant was standing, defendant shot decedent and inflicted the wound from which he died two weeks later. He then turned to decedent's brother and held the gun toward him and threatened him with the same thing if he continued to advance.

On these facts defendant argues that there could be no conviction of murder in the first degree for the

reason that defendant was put in fear by the threats, had a right to arm himself in self-preservation of himself, or of his brother as the events turned out, and the killing, if unlawful at all, could be no higher than murder in the second degree.

Self-defense may justify a homicide, but self-defense is an affirmative defense and must be proved by defendant by a preponderance of the evidence: Commonwealth v. Troup, 302 Pa. 246. And the question whether self-defense in any given situation is a justification is shot through with bristling questions; for instance, a number of cases have held that for self-defense to justify a killing it is necessary that there should have been no other means of escape for the accused: Commonwealth v. Mitchka, 209 Pa. 274; Commonwealth v. Johnson, 213 Pa. 432.

It may be that a jury would consider that the circumstances in this case, including as they do some obvious provocation, might lead it to find a verdict in a somewhat lower degree of homicide than murder in the first degree. Nevertheless, there is evidence here which under one set of inferences might justify a finding that defendant was lying in wait for decedent; that he had failed to take reasonable opportunity to avoid the encounter; that the degree of force which he used was entirely unjustifiable under the circumstances; that the shooting was deliberate because at the instant it occurred his assailant was 10 feet away, held in the arms of his brother, and decedent was then no apparent threat to defendant's safety. There is no definite time limitation as to what constitutes premeditation, and it is believed that this question would have to be submitted to a jury as to whether under all the circumstances of this case there was premeditation as well as malice on the part of defendant.

Under all the circumstances I am satisfied that the testimony presents evidence of a capital offense and defendant is not entitled to bail.

Now July 8, 1947, the prayer of the petition is refused and the writ dismissed; the relator, Frank Castanaro, is hereby remanded to the Lackawanna County jail in accordance with the commitment made by Police Magistrate Terrance Murphy, of the City of Scranton, on May 5, 1947.