## Commonwealth *v.* Johnson, Appellant.

*Criminal law—Murder—Summoning jurors—Evidence.*

A conviction of murder will not be set aside because the sheriff in the notice summoning jurors failed to state that they were to serve in the court of Oyer and Terminer.

In a murder trial facts which have been learned by competent witnesses are not to be excluded because the witnesses may have been put on the track of them by information coming incidentally or otherwise from the prisoner or his wife. The admission of such facts is not permitting the wife to testify against the prisoner, or compelling the latter to testify against himself.

An admission not competent as a confession is admissible when its truth is proved by the revelation of the fact by search.

*Criminal law—Murder—Self-defense.*

Where a prisoner charged with murder, and the deceased, both had a right to be in the house where the killing occurred, the ordinary rules as to self-defense are alone applicable. Rights of a householder against a violent intruder have no relevancy.

To justify killing in self-defense the prisoner must have reasonably believed that he had no other means of escape from death, or great bodily harm.

Argued Oct. 30, 1905. Appeal, No. 1, Oct. T., 1906, by defendant, from judgment of O. & T. Lawrence Co., March T., 1905, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth v. Frank Johnson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Indictment for murder.
The opinion of the Supreme Court states the case.
Verdict of guilty of murder of the first degree.

*Errors assigned* appear by the opinion of the Supreme Court.

*A. W. Gardner,* with him *J. Norman Martin,* and *Andrew Marquis,* for appellant.

*Robert K. Aiken,* with him *Joseph V. Cunningham,* district attorney, for appellee.

PER CURIAM, January 2, 1906:

Not a single one of the twelve assignments of error has any merit at all, substantial or even technical, and it is to be regretted that counsel feel themselves at liberty to impede and delay the cause of justice on such trifling grounds.

In the first assignment the constitution of the trial court is attacked, not because the names of the jurors were not duly and regularly drawn for service nor because the proper jurors themselves did not appear and serve, but because the sheriff in the notice summoning them failed to state that they were to serve in the Oyer and Terminer. Even without the Act of March 31, 1860, P. L. 427, the objection would have been one that only a juror desiring to evade service, could be heard to make. And under that act the objection by the prisoner, if otherwise valid, was made too late.

The objections to the plan of the house because the draughtsman obtained some of his information from the prisoner's wife, and to the testimony as to the cartridges because they were obtained from the prisoner's trunk are of no force. Facts which have been learned by competent witnesses are not to be excluded because the witness may have been put on the track of them by information coming incidentally or otherwise from the prisoner or his wife. "An admission not competent as a confession is admissible when its truth is proved by the revelation of the fact by search:" Laros v. Commonwealth, 84 Pa. 200. The admission of such facts in evidence was not permitting his wife to testify against the prisoner or compelling him to testify against himself.

The remaining assignments that are worth noticing at all are founded on a misconception of the law of self-defense. The judge, in answering the points and in charging the jury, stated as an essential ingredient of justifiable killing in self-defense, that the prisoner must have reasonably believed that he had no other means of escape from death or great bodily harm.

This was in the very language approved and affirmed in Com. v. Mitchka, 209 Pa. 274. The prisoner, it is true, had a right to be in the house where he was, but so had the deceased. The house was the property of the prisoner's wife who was also the deceased's mother, and both were members of her family. Neither had any right to eject the other, and when the struggle between them took place the ordinary rules as to self-defense were alone applicable. Rights of a householder against a violent intruder have no relevancy. The law was correctly laid down for the guidance of the jury and they have found the facts against the prisoner.

Judgment affirmed and record remitted for the purpose of execution in accordance with law.