Commonwealth *v.* Mason, Appellant.

Commonwealth, Appellant, *v.* Mason.

Argued May 22, 1974. Before JONES, C. J., EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

*John B. Schaner,* Public Defender, for appellant in No. 6 and appellee in No. 7.

*Horace J. Culbertson,* Acting District Attorney, for appellee in No. 6 and appellant in No. 7.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1974:

Benjamin J. Mason was convicted by a judge and jury of thirteen counts of criminal libel and twenty-one counts of anonymous publication. These convictions all arose out of his attacks against four officials of Mifflin County in his irregularly published, mimeographed "newspaper," the *Lewiston Liar.* The Superior Court affirmed the criminal libel convictions, but reversed the convictions for anonymous publications. See *Commonwealth v. Mason,* 222 Pa. Superior Ct. 453, 295 A.2d 103 (1972). Cross-petitions for allocatur were filed, the Commonwealth requesting to have the conviction for anonymous publication reinstated, and Mason seeking reversal of his convictions for criminal

libel. We granted allocatur as to both petitions. We shall discuss each appeal separately.

### APPEAL AT NO. 6 MAY TERM—CRIMINAL LIBEL CONVICTIONS

The Superior Court, in affirming Mason's convictions for criminal libel,[1] took the position, with Judges HOFFMAN and SPAULDING dissenting, that our decision in *Commonwealth v. Armao,* 446 Pa. 325, 286 A.2d 626 (1972), where we declared the criminal libel statute unconstitutional, was not binding upon them because it had been decided by only five members of the court, of which two justices had dissented. It based its position on our opinion in *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971), where we said, in footnote 8, on page 218: "The recorded opinion in [*Commonwealth v. Hosendorf,* 437 Pa. 219, 263 A.2d 439 (1970)] did not express the views of a majority of the Court, and therefore, is not decisional."

The situation in *Hosendorf, supra,* was very different from the situation in *Armao, supra.* In *Hosendorf,* of the seven justices who participated in the decision, only three, less than a majority of those participating, joined in the opinion. In *Armao,* on the other hand, three of the five justices who participated joined in the opinion. Whatever the effects of an opinion supported by less than a majority of those justices participating may be, there can be no doubt that when a majority of those justices participating join in the opinion, it becomes binding precedent on the courts of Pennsylvania. Accordingly, our decision in *Armao, supra,* where we held that the criminal libel statute was unconstitutional, was binding on the Court of Common Pleas of Miff-

---

[1] Act of June 24, 1939, P. L. 872, §412, 18 P.S. §4412. This statute was repealed by Act of December 6, 1972, P. L. 1482, No. 334, §5, eff. June 6, 1973.

lin County and on the Superior Court, and Mason's convictions under that statute cannot stand.

### APPEAL AT No. 7 MAY TERM—ANONYMOUS PUBLICATIONS

Mason was also convicted of twenty-one counts of violating the Act of June 24, 1939, P. L. 872, §414, 18 P.S. §4414,[2] which prohibited the sending of any "libelous, defamatory, scurrilous, or opprobrious" written or printed communication without proper signature attached. The Superior Court, in reversing these convictions, without reaching the constitutionality of the above statute, found that Mason was not guilty under the statute, because everyone knew that he was the author of the publications.

The Commonwealth, in its petition for allocatur to this Court, requested that we overturn the Superior Court, alleging that the authorship of the articles was not known to everyone. Mason, in his answer to the Commonwealth's petition, argued that the statute was unconstitutional for reasons similar to those expressed in our *Armao* decision, where we dealt with the constitutionality of the criminal libel statute. This view was also expressed by Judge SPAULDING in his concurring and dissenting opinion in *Mason, supra,* which was joined by Judge HOFFMAN.

We are of the opinion that appellant's conviction for anonymous publication was correctly reversed. Mason's authorship of the *Lewiston Liar* was common knowledge to the persons in his circulation area, which meant that, as Judge PACKEL pointed out in his opinion, the "essence of the crime . . . anonymity," was not present in the case.

---

[2] The above section was also repealed by Act of December 6, 1972, P. L. 1482, No. 334, eff. June 6, 1973 . Compare new §5504, 18 Pa. C.S. §5504.

1. Order of the Superior Court at No. 76 March Term 1972 reversed; Judgment of Sentence at No. 21 of 1970 Court of Common Pleas, Criminal Trial Division, Mifflin County, reversed.

2. Order of the Superior Court at No. 77 March Term 1972 affirmed; Judgment of Sentence at No. 22 of 1970 Court of Common Pleas, Criminal Trial Division, Mifflin County, reversed.

Mr. Justice MANDERINO concurs in the result.

Mr. Justice ROBERTS took no part in the consideration or decision of these cases.

---

CONCURRING AND DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

I concur in that portion of the majority opinion affirming the order of the Superior Court reversing appellant's conviction for anonymous publication. I must dissent, however, from the holding of the majority in reversing the criminal libel convictions.

In *Commonwealth v. Armao*, 446 Pa. 325, 286 A.2d 626 (1972) (JONES, C. J. and O'BRIEN, J. dissenting), three of the five justices participating in the case were of the opinion that our criminal libel statute, Act of June 24, 1939, P. L. 872, §412, 18 P.S. §4412 (now repealed), was unconstitutional as violative of the First Amendment to the United States Constitution. I agree with the majority that our decision in *Armao* was binding on the Court of Common Pleas of Mifflin County and that it was binding on the Superior Court. The decision, however, is *not binding* upon this Court. I did not feel in *Armao* that our criminal libel statute unconstitutionally infringed upon the First Amendment; I am not persuaded to the contrary today. *See, e.g., Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S. Ct. 2997, 41 L.Ed. 2d 789 (1974).