### COMMONWEALTH of Pennsylvania, Appellee

v.

### Robert BARNETT, Appellant.

Superior Court of Pennsylvania.

Argued April 5, 2011.

Filed July 20, 2011.

Reargument Denied Aug. 9, 2011.

Michael J. Malloy, Media, for appellant.

Andrea N. Johnson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., BENDER, BOWES, PANELLA, DONOHUE, SHOGAN, MUNDY, OTT and FREEDBERG, JJ.

OPINION BY DONOHUE, J.:

Robert Barnett ("Barnett") brings this direct appeal *nunc pro tunc* from a judgment of sentence of life in prison entered on December 2, 2002, after a Philadelphia Court of Common Pleas jury found Barnett guilty of murder in the first degree[1] on November 27, 2002. Barnett was also sentenced to consecutive terms of ten to 20 years of imprisonment for robbery[2] and burglary,[3] five to ten years for criminal conspiracy,[4] and three and one-half to seven years for carrying a firearm without a license.[5]

After his conviction, Barnett's trial counsel filed an appeal that was so badly briefed his claims were deemed waived by this Court on direct appeal. Subsequently, Barnett filed a PCRA[6] petition alleging

1. 18 Pa.C.S.A. § 2502(a).

2. 18 Pa.C.S.A. § 3701.

3. 18 Pa.C.S.A. § 3502.

4. 18 Pa.C.S.A. § 903.

5. 18 Pa.C.S.A. § 6106(a)(1).

6. Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546.

ineffective assistance of counsel, including counsel's ineffectiveness in preparing the appellate brief. The PCRA court held a full evidentiary hearing during which Barnett and trial counsel testified. The PCRA court denied Barnett's petition. On appeal from the PCRA court's order, this Court did not address the merits of Barnett's ineffective assistance claims pertaining to counsel's effectiveness at trial, but rather reinstated Barnett's direct appeal rights. This *nunc pro tunc* appeal is filed by new counsel.

Although this is a *nunc pro tunc* direct appeal, each of Barnett's assertions of error is based on ineffective assistance of counsel. In other words, Barnett has abandoned his direct appeal issues. Barnett posits that his claims of ineffective assistance of counsel are properly before us under *Commonwealth v. Bomar*, 573 Pa. 426, 463, 826 A.2d 831, 853 (2003). As discussed in more detail later in this Opinion, we conclude the Supreme Court has limited the applicability of *Bomar*, and that Barnett's assertions of ineffective assistance are appropriately raised only on collateral review. This procedure ensures that Barnett will have a single opportunity for collateral review as mandated by the Supreme Court. Accordingly, we dismiss Barnett's claims of ineffective assistance of counsel without prejudice to raise them on collateral review,[7] and affirm the judgment of sentence.

In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), our Supreme Court held that claims of ineffective assistance of counsel should ordinarily be reserved for collateral review. The *Grant* Court abrogated the rule of *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), which required a newly-appointed attorney to raise ineffective assistance of prior counsel at the earliest opportunity, including on direct appellate review.[8] Subsequent to *Grant*, in *Bomar*, the Supreme Court allowed ineffective assistance claims to be litigated on direct appeal because the defendant in that case raised them before the trial court and the trial court conducted a hearing to determine their merits. *Bomar*, 573 Pa. at 463, 826 A.2d at 853. *Bomar* involved ineffectiveness claims that were raised prior to the Supreme Court's ruling in *Grant*. In subsequent cases, without distinguishing between a pre- and post-*Grant* procedural posture, the Supreme Court relied on *Bomar* as authority for reviewing ineffective assistance of counsel claims on direct appeal so long as the claims were raised in the trial court and subject to a hearing. *See, e.g., Commonwealth v. Cooper*, 596 Pa. 119, 140 n. 3, 941 A.2d 655, 668 n. 3 (2007) (post-*Grant* record); *Commonwealth v. Chmiel*, 585 Pa. 547, 613, 889 A.2d 501, 540 (2005) (pre-*Grant* record), *cert. denied*, 549 U.S. 848, 127 S.Ct. 101, 166 L.Ed.2d 82 (2006); *Commonwealth v. Singley*, 582 Pa. 5, 20 n. 8, 868 A.2d 403, 411 n. 8 (2005) (pre-*Grant*

---

**7.** *See Commonwealth v. Blackwell*, 936 A.2d 497, 499 n. 4 (Pa.Super.2007) ("[U]pon restoration of direct appeal rights *nunc pro tunc*, [a] subsequent PCRA petition will be considered [a] first petition for timeliness purposes.") (*citing Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa.Super.2003)).

**8.** The *Grant* Court sought to dispense with the need to raise "layered" claims of ineffectiveness; *i.e.*, if appellate counsel failed to raise trial counsel's ineffectiveness on direct appeal

pursuant to *Hubbard*, then PCRA counsel would have to establish the ineffectiveness of both appellate and trial counsel. *See Grant*, 572 Pa. at 60, 813 A.2d at 733. The *Grant* court also reasoned that the *Hubbard* rule was in tension with Pa.R.A.P. 302(a), which forbids raising a claim for the first time on appeal. *Id.* at 60–61, 813 A.2d at 733–34. In addition, the *Hubbard* rule required appellate courts to engage in fact-finding. *Id.*

record), *cert. denied,* 546 U.S. 1021, 126 S.Ct. 663, 163 L.Ed.2d 536 (2005).

In *Commonwealth v. Rega,* 593 Pa. 659, 933 A.2d 997 (2007), *cert. denied,* 552 U.S. 1316, 128 S.Ct. 1879, 170 L.Ed.2d 755 (2008), the Supreme Court majority once again reviewed ineffective assistance of counsel claims on direct appeal pursuant to *Bomar. Id.* at 695–96, 933 A.2d at 1018. Three of the six participating justices in *Rega,* however, expressed reservations as to the continued viability of *Bomar.* In a concurring opinion, Chief Justice Cappy wrote: "My fear is that continued employment of the '*Bomar*' exception will eventually swallow the rule we announced in *Grant* governing the presentation of effectiveness claims." *Id.* at 714, 933 A.2d at 1028 (Cappy, C.J., concurring). In another concurring opinion, then-Justice, now Chief Justice Castille, joined by Justice Saylor, wrote that "[a]s matters now stand, it is within the unconstrained discretion of the trial judge whether a defendant will get one or two bites at the collateral review apple. Furthermore, there is no statutory authorization for the redundant, of-right collateral attacks that result from hybrid direct appeal review." *Id.* at 716, 933 A.2d at 1030 (Castille, J., concurring).

The issue of the continued viability of *Bomar* arose again in *Commonwealth v. Wright,* 599 Pa. 270, 961 A.2d 119 (2008). In *Wright,* the Supreme Court, with four justices participating, reviewed ineffective assistance claims on direct appeal pursuant to *Bomar,* but Justice Eakin, writing for the Court, specified in a footnote that "[p]rolix collateral claims should not be reviewed on post-verdict motions unless

the defendant waives his right to PCRA review because the PCRA does not afford the right to two collateral attacks." *Id.* at 320 n. 22, 961 A.2d at 148 n. 22. Chief Justice Castille joined Justice Eakin's opinion, and Justice Saylor joined it in relevant part. *Id.* at 337, 961 A.2d at 158. Three out of the four participating justices [9] therefore joined in footnote 22. We observe that an opinion has a binding effect whenever a majority of participating justices join. *Commonwealth v. Mason,* 456 Pa. 602, 604, 322 A.2d 357, 358 (1974); *Commonwealth v. Derby,* 451 Pa.Super. 100, 678 A.2d 784, 788 n. 3 (1996); *In re C.K.,* 369 Pa.Super. 445, 535 A.2d 634, 637 n. 2 (1987). Thus, based on the Supreme Court majority in *Wright* in 2008, collateral claims in post-trial motions were no longer proper.

Subsequently, in *Commonwealth v. Liston,* 602 Pa. 10, 28, 977 A.2d 1089, 1100 (2009), the Supreme Court overruled this Court's *en banc* opinion in which we concluded that a PCRA court's order reinstating direct appeal rights must also reinstate the right to file post-sentence motions so that a defendant can raise ineffective assistance of counsel claims and have them reviewed on direct appeal.[10] Justice Greenspan, writing for the Court, stated that the Superior Court's decision in *Liston* was "capable of undermining the very purpose and policy underlying *Grant.*" *Id.* at 18, 977 A.2d at 1094. Further, Justice Greenspan wrote:

A defendant who is granted an opportunity to file post-sentence motions because his attorney failed to file a requested appeal maintains the right to

9. Justice Baer authored a concurring opinion in which he specifically disagreed that raising collateral claims on direct appeal results in waiver of subsequent PCRA review. *Id.* at 337–41, 961 A.2d at 158–61 (Baer, J., concurring). Former Chief Justice Cappy and Jus-

tices Nigro and Newman did not take part in the decision.

10. *See Commonwealth v. Liston,* 941 A.2d 1279 (Pa.Super.2008) (*en banc* ), *overruled,* 602 Pa. 10, 28, 977 A.2d 1089, 1100 (2009).

seek post-conviction relief under the PCRA after his direct appeal is finally determined. This is an opportunity that most, if not all, defendants will likely take. Thus, the Superior Court's decision grants some defendants an additional automatic opportunity to attack their convictions based on claims of ineffective assistance of counsel, a recourse not available to all defendants.

*Id.* at 18–19, 977 A.2d at 1094. The Supreme Court therefore vacated our order remanding for a reinstatement of the appellant's right to file post-sentence motions, affirmed the judgment of sentence, and deferred the appellant's ineffective assistance of counsel claims to collateral review. *Id.* at 19–20, 977 A.2d at 1094–95.

*Liston* was decided by a five-member Court. Chief Justice Castille authored a concurring opinion in *Liston* expounding on footnote 22 of *Wright.* He stated: "I would explicitly limit *Bomar* to *Hubbard*-era cases and make clear that there is no '*Bomar*' exception to *Grant.*" Chief Justice Castille further wrote that "I would permit hybrid review only when the request for such review is accompanied by an express, knowing and voluntary waiver of further PCRA review." *Id.* at 22, 977 A.2d at 1096 (Castille, C.J., concurring). Four of the five participating justices in *Liston* expressly disapproved of providing defendants multiple opportunities for collateral review. Justices Saylor and Eakin joined Chief Justice Castille's concurring opinion, giving Chief Justice Castille a three-justice majority in support of his limitation of *Bomar.*[11] We note, also, that Chief Justice Castille's concurring opinion rejected the notion that footnote 22 of *Wright* was *dicta.*[12] *Id.* at 28 n. 10, 977 A.2d at 1099 n. 10.

■ Thus, on two occasions a majority of the participating Supreme Court justices have agreed that an appellant cannot raise collateral claims on direct appeal without waiving the right to subsequent collateral review. More recently, in *Commonwealth v. Montalvo,* 604 Pa. 386, 986 A.2d 84 (2009), the Supreme Court agreed to hear ineffective assistance of counsel claims on direct appeal where the record pertaining to those claims was developed prior to the decision in *Grant. Id.* at 398 n. 5, 986 A.2d at 91 n. 5. In a concurring opinion in *Montalvo,* Chief Justice Castille wrote: "As I made clear in my recent concurrence in [*Liston*]—and in this regard I spoke for a majority of the *Liston* Court—**going forward, the lower courts should not indulge hybrid review by invoking** *Bomar.*" *Id.* at 432, 986 A.2d at 111 (Castille, C.J., concurring) (emphasis added).[13]

---

**11.** Justice Baer authored a concurring opinion in which he disagreed with Chief Justice Castille's limitation of *Bomar. Id.* at 30–33, 977 A.2d at 1101–03 (Baer, J., concurring). Justices Todd and McCaffery did not participate in the decision.

**12.** Chief Justice Castille's statement was in response to an argument from Justice Baer that the footnote in *Wright* was *dicta.* Justice Baer argued that the issue would not be ripe for decision until a defendant in fact sought collateral review after first being afforded an opportunity to raise collateral claims on direct appeal pursuant to *Bomar. Id.* at 30–33, 977 A.2d at 1101–03 (Baer, J., concurring).

**13.** We are cognizant of the Supreme Court's recent grant of allowance of appeal to resolve the following issue:

Whether the claims of ineffective assistance of counsel which are the exclusive subject of this *nunc pro tunc* direct appeal: (1) are reviewable on direct appeal under *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (Pa.2003); (2) should instead be deferred to collateral review under the general rule in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (Pa.2002)[,] that defendants should wait until the collateral review phase to raise claims of ineffective assistance of counsel; or (3) should instead be deemed reviewable on direct appeal only

As we noted above, all of Barnett's arguments in this *nunc pro tunc* direct appeal raise claims of ineffective assistance of counsel. The basis for our original remand for this *nunc pro tunc* direct appeal was that a deficient brief resulted in waiver of Barnett's direct appeal claims based on weight and sufficiency of the evidence and suppression of evidence arguments. *See Commonwealth v. Barnett,* 974 A.2d 1175 (Pa.Super.2009) (unpublished memorandum at 6–8).[14]

Although offered the opportunity to bring a direct appeal on his weight, sufficiency and suppression of evidence claims, Barnett, for whatever reason, has not raised any of those arguments in this *nunc pro tunc* direct appeal.[15] As a result, Barnett technically does not seek "hybrid review" of direct and collateral claims. It is clear, however, that the primary teaching of *Liston* and footnote 22 of *Wright* is not that "hybrid review" is wrong in and of itself, but that defendants are not entitled to two chances at collateral review, once on direct appeal and once pursuant to the PCRA. In this case, Barnett sought reinstatement of his direct appeal rights and then raised only collateral claims in the

*nunc pro tunc* direct appeal that followed. The result, absent application of *Liston* and *Wright,* would be that Barnett procured for himself two opportunities for purely collateral review. The absence of direct appeal claims in this *nunc pro tunc* direct appeal therefore makes the teaching of *Liston* and *Wright* especially poignant.

Application of *Wright* and *Liston* to the instant matter poses unique difficulties. To ensure compliance with the PCRA's jurisdictional timeliness requirements (*see* 42 Pa.C.S.A. § 9545(b)) PCRA petitioners like Barnett have no choice but to include all of their collateral claims, including a request for a *nunc pro tunc* direct appeal, in one PCRA petition. Here, the PCRA court denied Barnett's requested *nunc pro tunc* direct appeal and, quite properly, went on to address his remaining claims. A panel of this Court reversed the PCRA court's denial of the requested *nunc pro tunc* direct appeal and therefore did not address the PCRA court's denial of Barnett's remaining collateral claims. As a result, a substantial amount of time will have elapsed between the PCRA court's consideration of Barnett's ineffective assis-

---

if accompanied by a specific waiver of the right to pursue a first PCRA petition as of right. *See Commonwealth v. Wright,* 599 Pa. 270, 961 A.2d 119, 148 n. 22 (Pa.2008) ('Prolix collateral claims should not be reviewed on post-verdict motions unless the defendant waives his right to PCRA review....'); *see also Commonwealth v. Liston,* 602 Pa. 10, 977 A.2d 1089, 1095–1101 (Castille, C.J., concurring, joined by Saylor, J., & Eakin, J.).
*Commonwealth v. Holmes,* 606 Pa. 209, 996 A.2d 479 (2010). Unless and until the Supreme Court decides otherwise, we believe the result we reach is mandated by the opinions of the majority of participating justices in *Wright* and *Liston.* The Supreme Court's grant of allowance of appeal in *Holmes* may likely be a recognition of a perceived lack of clarity in *Wright* and *Liston* since the practice of hybrid review continued after those deci-

sions. Without regard to the grant of allowance of appeal, this Court is bound by the existing ruling of a majority of the justices participating in cases deciding this issue. *Mason,* 456 Pa. at 604, 322 A.2d at 358; *Derby,* 678 A.2d at 788 n. 3; *In re C.K.,* 535 A.2d at 637 n. 2.

14. This Court also noted in *dicta* that review of Barnett's remaining collateral claims in the *nunc pro tunc* direct appeal would be appropriate pursuant to *Bomar. Id.* at 8. This notation, unnecessary for the disposition of the appeal, was contrary to *Wright,* which preceded it.

15. We anticipate that our decision in this matter will discourage PCRA petitioners from seeking reinstatement of their direct appeal rights where there are no legitimate direct appeal issues.

tance of counsel claims and eventual appellate review of the PCRA court's decision. If the PCRA court grants a petitioner's *nunc pro tunc* direct appeal without addressing any remaining collateral claims, or if the PCRA court's denial of the requested *nunc pro tunc* direct appeal is affirmed by the appellate courts, similar complications will not arise. Assuming Barnett proceeds further and raises the same claims in his new PCRA petition, however, nothing precludes the PCRA court from disposing of Barnett's ineffective assistance claims based on the previously-established record. Thus, our decision here does not mandate duplicative proceedings.

■ Based on the opinion of a majority of participating justices in *Wright* and *Liston,* this Court cannot engage in review of ineffective assistance of counsel claims on direct appeal absent an "express, knowing and voluntary waiver of PCRA review." *Liston,* 602 Pa. at 22, 977 A.2d at 1096 (Castille, C.J., concurring). With the proviso that a defendant may waive further PCRA review in the trial court,[16] absent further instruction from our Supreme Court, this Court, pursuant to *Wright* and *Liston,* will no longer consider ineffective assistance of counsel claims on direct appeal.

Based on the foregoing analysis, we dismiss Barnett's claims of ineffective assistance of counsel without prejudice to raise them in a subsequent PCRA petition along with any other post-conviction claims he may have. As Barnett has not raised any challenge to his conviction other than ineffective assistance of counsel pursuant to the PCRA, we affirm the judgment of sentence.

Judgment of sentence affirmed.

SHOGAN, J. files a Concurring and Dissenting Opinion.

CONCURRING AND DISSENTING OPINION BY SHOGAN, J.:

Although the learned Majority aptly addresses the multiple concerns associated with this unclear area of law, I do not believe it is appropriate that this Court create a bright-line rule of waiver given the current state of the law and apply it to the instant case. Therefore, I respectfully dissent from those portions of the Majority opinion. However, after careful review, I join the Majority in affirming the judgment of sentence.

Here, the Majority has authored a thorough examination of the development of our Supreme Court's case law addressing claims of ineffective assistance of counsel

---

**16.** This matter was referred to the Criminal Rules Committee by the Supreme Court in *Liston. Liston,* 602 Pa. at 29–30, 977 A.2d at 1100–01 (Castille, C.J., concurring). Chief Justice Castille wrote as follows:

There is no reason, consistent with the PCRA, to authorize trial courts to arbitrarily permit an extra round of collateral attack for some but not all defendants; no rational, fair rule of limitation has been offered to warrant placing our imprimatur upon this unauthorized extension of *Bomar;* and this Court has the exclusive power to supervise such procedural matters. We should take the bull by the horns and correct the problem now.[13]

[13] In light of the expressions by a majority of the Court in *Wright,* and a majority of the Court in this case, I would refer this matter to the Criminal Procedural Rules Committee with directions to consider and recommend measures to account for the identified concerns with whether, and under what circumstances, hybrid, unitary review should be permitted on post-verdict motions. I have been authorized to state that Madame Justice Greenspan agrees that the matter should be referred to the Criminal Procedural Rules Committee.

*Id.*

since the seminal decision in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) (holding that claims of ineffective assistance of counsel should proceed on collateral review). The Majority observes the subsequent exception carved out in *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003) (permitting ineffective assistance of counsel claims to be reviewed on direct appeal where the appellant has raised the claim before the trial court and an evidentiary hearing has been conducted by the trial court), as well as the anomalous comment calling for the waiver of PCRA rights if particular issues are raised on direct appeal in *Commonwealth v. Wright*, 599 Pa. 270, 320 n. 22, 961 A.2d 119, 148 n. 22 (2008) (indicating in footnote that collateral claims should not be reviewed on post-verdict motions unless the defendant waives his right to PCRA review because the PCRA does not afford the right to two collateral attacks). Our Majority further expounds on the decision in *Commonwealth v. Liston*, 602 Pa. 10, 977 A.2d 1089 (2009) (overruling this Court's en banc opinion in which we concluded that a PCRA court's order reinstating direct appeal rights must also reinstate the right to file post-sentence motions, to provide an avenue to have ineffective assistance of counsel claims addressed on direct appeal), along with the concurring opinion of Chief Justice Castille indicating that review of ineffective assistance of counsel claims on direct appeal should only occur when the request for "such review is accompanied by an express, knowing and voluntary waiver of further PCRA review." *Id.* at 22, 977 A.2d at 1096. The Majority astutely observes that the Supreme Court has since established that the Chief Justice's comment in *Liston* is the equivalent of a majority pronouncement. *See Commonwealth v. Montalvo*, 604 Pa. 386, 431, 986 A.2d 84, 111 (2009).

While it is obvious that this area of the law is undergoing development by our Supreme Court, I cannot disregard the fact that certain questions have been left unanswered by the Supreme Court's decisions. Indeed, both *Wright*, and the concurrence in *Liston*, express that waiver of further PCRA review should be required of an appellant attempting to raise claims of ineffective assistance of counsel on direct appeal. However, the Supreme Court has left unanswered the question of whether it intends that only the right to raise further claims of ineffective assistance of counsel should be waived on collateral review or whether it prefers the more draconian measure that all rights to PCRA review should be waived. Even if limited to ineffective assistance of counsel claims, would the waiver include ineffective assistance of appellate counsel claims, which have yet to accrue? I am left to question how this can occur, since certain claims of appellate counsel ineffective assistance have been found to constitute *per se* ineffectiveness, *e.g.*, counsel's failure to file a statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Likewise, would the waiver bar future PCRA claims based upon the three (3) exceptions to the one-year time bar? In addition, the Supreme Court has not indicated what form the waiver must take, *e.g.*, must the waiver be written or is an oral waiver sufficient? Moreover, our Supreme Court has been silent as to the appropriate timing of any such waiver, *e.g.*, must waiver occur at the time of filing post-sentence motions? Therefore, I believe that the more prudent approach would be to await further instruction on this matter from our Supreme Court. As the Majority notes, the Supreme Court granted a petition for allowance of appeal in *Commonwealth v. Holmes*, 606 Pa. 209, 996 A.2d 479 (2010), in order to further refine its holdings in this area of the law. As acknowledged by

the Majority, the "grant of allowance of appeal in *Holmes* may likely be a recognition of a perceived lack of clarity in *Wright* and *Liston,*" rather than a mandate to this Court through the various opinions in these cases. *See* Majority Op. at 375–76 n. 13. Accordingly, I would decline the opportunity to further complicate this area of the law until the Supreme Court clarifies its position.[1]

Furthermore, I question whether the Majority's bright-line rule should be applied to Appellant in this matter. Given the timing of the original remand of this case, and the dates of the Supreme Court decisions in *Wright* and *Liston,* it appears inequitable to Appellant to now alter the procedure set forth by this Court and to direct Appellant to file, yet again, his identical claims seeking relief.

My review of the record indicates that Appellant's trial and judgment of sentence, which was imposed on December 2, 2002, both pre-dated the Supreme Court's decision in *Grant.* Also, on December 5, 2003, a panel of this Court deemed Appellant's issues waived on direct appeal due to the poor brief filed by Appellant's counsel and affirmed the judgment of sentence. On October 5, 2005, Appellant filed a PCRA petition, claiming ineffective assistance of counsel, which, after a hearing, the PCRA court denied on April 15, 2008. These events predated the Supreme Court's decision in *Wright,* which suggested waiver of PCRA rights is appropriate when collateral claims are raised in post-verdict motions.

Thereafter, on April 7, 2009, a panel of this Court reversed the PCRA court's determination and remanded to the PCRA court for the reinstatement of Appellant's direct appeal rights, *nunc pro tunc.* This Court specifically stated:

> Given this disposition, we need not address Appellant's remaining claims. We do note, however, that because the PCRA court has already held an evidentiary hearing, and addressed the merits of Appellant's ineffectiveness claims, they may be reviewed on direct appeal. *See generally, Commonwealth v. Bomar* [573 Pa. 426], 826 A.2d 831 (Pa.2003).

*Commonwealth v. Barnett,* No. 1141 EDA 2008, slip op. at 9, 974 A.2d 1175 (Pa.Super. filed April 7, 2009).

On August 17, 2009, four months after this Court issued its decision reversing and remanding the instant case, our Supreme Court issued its decision in *Liston* containing Chief Justice Castille's comments that review of ineffective assistance of counsel claims on direct appeal should only occur when the request for "such review is accompanied by an express, knowing and voluntary waiver of further PCRA review." *Liston,* 602 Pa. at 22, 977 A.2d at 1096. However, I cannot ignore the fact that, rather than apply *Liston* retroactively, in *Montalvo,* Chief Justice Castille suggests that *Liston* be applied "going forward." *Montalvo,* 604 Pa. at 432, 986 A.2d at 111. Therefore, I am compelled to conclude

---

1. In addition, I am concerned with the language used by the Majority which insinuates that petitioners are entitled to the filing of only one PCRA petition and "are not entitled to two chances at collateral review, ..." *See* Majority Op. at 376. Although our General Assembly has placed restrictions for the timely filing of PCRA petitions, it has not imposed any restrictions upon the number of timely PCRA petitions a petitioner may file. The relevant section of the PCRA provides that "[a]ny petition under this subchapter, **including a second or subsequent petition,** shall be filed within one year of the date the judgment becomes final, ..." 42 Pa.C.S.A. § 9545(b)(1). Thus, I believe that a more appropriate statement would explain that petitioners are not entitled to two chances of review of issues which should be reserved for presentation in collateral proceedings.

that, even if a bright-line rule is an appropriate edict from this Court on this issue, its application to the instant case is inappropriate. For these reasons, I am obliged to register my dissent and to conclude that we should address the merits of the issues presently brought to this Court on appeal.

After a careful review of the certified record, as well as the briefs of the parties and the applicable law, I further conclude that Appellant's issues lack merit and have been adequately addressed in the trial court's opinion filed on June 22, 2009. Accordingly, I would affirm the judgment of sentence.