J. A15031/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
        Appellee    :
   :
          v.    :
   :
KHALIA LANDERS,    :
   :
        Appellant    :    No. 906 EDA 2014

Appeal from the Judgment of Sentence February 25, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0003277-2013

BEFORE: BOWES, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:           **FILED JUNE 26, 2015**

Appellant, Khalia Landers, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, challenging the trial court's refusal to hear her claim of ineffective assistance of counsel during post-sentence motions. We affirm.

We note Glen Morris, Esq. was Appellant's counsel for trial, post-trial motions and this appeal. The trial court summarized what it found was "the credible testimony and evidence at trial" as follows. Trial Ct. Op., 10/9/14, at 1. On September 10, 2012, Appellant drove Andrew Richardson in her car to Citizen's Bank at Broad and Jefferson Streets in Philadelphia. "Appellant remained in her car with her two-year-old daughter while

---

[*] Former Justice specially assigned to the Superior Court.

Richardson entered the bank with a handwritten demand note." *Id.* Richardson exited the bank without delivering the demand note after a teller asked him to present identification. Appellant then drove Richardson to another Citizen's Bank at 3711 Germantown Avenue. Again, Appellant waited in the car while Richardson entered the bank. This time Richardson "delivered a second handwritten demand note." *Id.* at 2. After Richardson received money from the teller, he was trapped inside the security doors at the bank and arrested.

Immediately following his arrest, Richardson was asked to identify Appellant who was still in her car outside of the bank. Richardson was escorted out of the building and told an officer he "was with" Appellant. *Id.* In his signed statement to police, Richardson claimed Appellant authored both demand notes and coerced him into participating in the robbery. A Federal Bureau of Investigations officer directed Richardson and Appellant each to write an apology letter to the bank, and both complied.

The case proceeded to a bench trial on September 24, 2013. The Commonwealth moved into evidence the two handwritten demand notes, Richardson's written statement to police, and Appellant's handwritten apology letter. Neither the Commonwealth nor trial counsel introduced Richardson's apology letter. Instead, trial counsel relied on the testimony of Appellant's sister and mother that the handwriting in the demand notes did not match that of Appellant. Richardson recanted his earlier statement to

police.[1]    Both Richardson and Appellant testified that Richardson had authored the demand notes without Appellant's knowledge or involvement.

The trial court found Appellant guilty of robbery,[2] conspiracy to commit robbery, simple assault, terroristic threats, and theft by unlawful taking.[3] On February 25, 2014, the trial court sentenced Appellant to seven to sixteen years' incarceration for robbery and conspiracy to commit robbery and four years' probation.  At the sentencing hearing, the trial court also considered Appellant's motion for extraordinary relief, which raised the issue of ineffective assistance of counsel for failing to admit Richardson's apology letter into evidence.[4]  N.T. Mot. Vol. I, 2/25/14, at 5, 16.[5]  The trial court denied Appellant's motion for extraordinary relief and advised Attorney Morris that appellate courts do not hear ineffective assistance of counsel claims on direct appeal but his claim "might make for a colorable PCRA"[6] petition.  *Id.* at 16.

---

[1] Richardson testified he had pleaded guilty, he was in custody, and his sentencing was scheduled for the following day.  N.T. Trial, 9/24/13 at 35, 40.

[2] 18 Pa.C.S. § 3701(a)(1)(i).

[3] 18 Pa.C.S. §§ 903(c), 2701(a), 2706(a)(1), 3921(a).

[4] We note Attorney Morris' motion argued his own ineffectiveness.

[5] While the transcript cover states "Motion Volume I", this is the sentencing hearing transcript.

[6] Post Conviction Relief Act.  42 Pa.C.S. §§ 9541-9546.

On March 7, 2014, Appellant filed a timely motion for reconsideration of sentence that again claimed counsel was ineffective for failing to introduce Richardson's apology letter at trial. The trial court denied this motion on March 19, 2014, and Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement. On October 9, 2014, the trial court filed an opinion concluding it could not hear Appellant's claim of ineffective assistance of counsel under **Commonwealth v. Barnett**, 25 A.3d 371 (Pa. Super. 2011) (*en banc)*, *rev'd*, 84 A.3d 1060 (Pa. 2014), because Appellant had not waived the right to seek PCRA review.

Appellant now raises the issue of ineffective assistance of counsel for our review.[7] Appellant argues trial counsel was ineffective for failing to introduce Richardson's apology letter. Specifically, Appellant argues the first two prongs of the ineffective assistance of counsel test are "obviously satisfied." Appellant's Brief at 7. Appellant also argues that she was prejudiced by counsel's failure to introduce the apology letter because it is highly likely it would have led the court to conclude that Richardson was telling the truth at trial concerning the authorship of the demand notes. *Id.*

---

[7] "To prevail on a claim of counsel's ineffectiveness, Appellant must demonstrate:" (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that [s]he was prejudiced by counsel's ineffectiveness." **Commonwealth v. Dent**, 837 A.2d 571, 588 (Pa. Super. 2003).

The trial court relied on **Barnett** in holding Appellant cannot raise a claim of ineffective assistance of counsel on direct appeal because she did not waive her right to future PCRA claims. **See Barnett**, 25 A.3d at 377. The Superior Court *en banc* panel in **Barnett** held it "cannot engage in review of ineffective assistance of counsel claims on direct appeal absent an 'express, knowing and voluntary waiver of PCRA review.'" **Id.** (quoting **Commonwealth v. Liston**, 977 A.2d 1089, 1096 (Pa. 2009) (Castille, C.J., concurring)). The Court reasoned that without this restriction, a defendant would have two opportunities to collaterally attack his conviction. **Barnett**, 25 A.3d at 376.

In February 2014, our Supreme Court vacated and remanded **Barnett** to the trial court for further proceedings consistent with **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013). **Barnett**, 84 A.3d 1060. Our Supreme Court in **Holmes** held that absent specified circumstances, an allegation of ineffective assistance of trial counsel may not be heard on direct review. **Holmes**, 79 A.3d at 563 (stating **Grant**[8] remains pertinent law for timing of review for claims of ineffective assistance of counsel). Instead, a defendant must defer a claim of ineffective assistance of counsel to PCRA review, unless: (1) there are "extraordinary circumstances where a discrete claim"

---

[8] **Grant** held generally that a claim of ineffective assistance of counsel should be deferred to PCRA review. **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002).

of "ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) when a defendant seeks to litigate multiple claims of ineffectiveness, shows good cause and knowingly and expressly waives his right to seek PCRA review from his conviction and sentence. *Id.* at 563-64. Under both of these circumstances the "trial courts retain their discretion to entertain such claims." *Id.* at 563.

We hold *Holmes* is controlling law and applies to Appellant's claim of ineffective assistance of counsel. *See id.* at 563. We agree with the trial court's denial of relief under *Holmes* because neither of the specified exceptions to the rule are present in this matter. Indeed, the trial court specifically declined to hear Appellant's ineffective assistance of counsel claim at sentencing and advised Attorney Morris that Appellant's claim of ineffective assistance of counsel must be deferred to PCRA review. *See id.*; N.T. at 16.

Appellant's brief fails to acknowledge *Holmes*, instead arguing the merits of her claim. *See* Appellant's Brief at 6. We affirm the judgment of sentence without prejudice for Appellant to raise this claim in a timely PCRA petition.

Judgment of sentence affirmed.

J. A15031/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015