J-S72038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS MANUAL VALENTIN-CARRERO, | : | |
| | : | |
| Appellant | : | No. 437 MDA 2016 |

Appeal from the Judgment of Sentence March 11, 2016,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-MD-0000414-2016

BEFORE:  GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED DECEMBER 09, 2016**

Carlos Manual Valentin-Carrero (Appellant) appeals from the judgment of sentence imposed after he was found guilty of indirect criminal contempt. Upon review, we affirm.

On March 11, 2016, following a bench trial, Appellant was found guilty of the aforementioned offense for violating a temporary protection from abuse (PFA) order obtained against him by the mother of his child. Appellant was sentenced to a six-month term of probation and was ordered to pay a $300 fine. On March 15, 2016, Appellant timely filed a notice of appeal to this Court. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. The trial court issued its opinion pursuant to Pa.R.A.P. 1925(a) on May 13, 2016.

_____
*Retired Senior Judge assigned to the Superior Court.

On appeal, Appellant presents one issue for our consideration: "Whether the trial court improperly exceeded its authority to ask the victim/witness questions when the trial court asked the victim/witness questions directly relating to the elements [of] the crime, and the [Commonwealth] did not ask questions relating to those elements of the crime?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Before we address the merits of Appellant's issue, we must determine whether it has been preserved properly. Pennsylvania Rule of Evidence 614 provides that "[w]here the interest of justice so requires, the court may examine a witness regardless of who calls the witness." Pa.R.E. 614(b). The rule also provides that "[a] party may object to the court's calling or examining a witness when given notice that the witness will be called or when the witness is examined." Pa.R.E. 614(c). "Pa.R.E. 614(c) is consistent with Pa.R.E. 103(a)(1)(A), which requires a 'timely objection.'" Pa.R.E. 614 Cmt.

As pointed out by the Commonwealth and acknowledged by Appellant, Appellant failed to object to the court's questioning at the bench trial. Commonwealth's Brief at 10; Appellant's Brief at 9. Consequently, Appellant has waived his sole claim of error on appeal. **See** Pa.R.E. 614 Cmt.; **see also Commonwealth v. Tucker**, 143 A.3d 955, 961 (Pa. Super. 2016) ("[T]he failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the

issue."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In an attempt to avoid waiver, Appellant cites *Harman ex rel. Harman v. Borah*, 756 A.2d 1116 (Pa. 2000), for the proposition that "a party may raise allegations of judicial misconduct for the first time in post-trial motions." Appellant's Brief at 9 (quoting *Harman*, 756 A.2d at 1125). Although the Court observed that a party may do so "in limited circumstances," *Harman*, 756 A.2d at 1125, Appellant did not file post-trial motions in this case. As such, Appellant's reliance on *Harman* is of no benefit to him. *See id.* at 1126 (explaining that the general rule regarding waiver remains and that "[w]here it appears from all the circumstances that a timely objection to perceived judicial misconduct would be meaningless, a party may choose to raise the issue for the first time at post-trial motions to preserve it for appellate review. This involves some risk, which a trial counsel should not assume lightly").

Further, the *Harman* decision noted that this exception to waiver was first announced in the criminal case of *Commonwealth v. Hammer*, 494 A.2d 1054 (Pa. 1985), and, with respect to *Hammer*, this Court has noted the following.

> [I]n *Hammer,* our Supreme Court concluded that justice would not be served by strictly enforcing the waiver doctrine where the record revealed that objection by counsel would be meaningless and, in fact, intensify judicial animosity. Therefore, in *Hammer,* our Supreme Court overlooked defense counsel's failure to object to the trial judge's questioning of witnesses and

addressed the substantive issue of whether such questioning constituted reversible error.

Subsequently, however, in ***Commonwealth v. Grant***, 572 Pa. 48, 813 A.2d 726 (2002), our Supreme Court specifically overruled **Hammer**, indicating that, generally, the appellate courts will not overlook defense counsel's failure to object and, with regard thereto, an appellant may present claims of ineffective assistance of counsel in a [Post Conviction Relief Act (PCRA)] petition. [***See*** 42 Pa.C.S. §§ 9541–9546]. Indeed, recently, in ***Commonwealth v. Barnett***, 25 A.3d 371 (Pa. Super. 2011) (*en banc*), an *en banc* panel of this Court reaffirmed **Grant**'s limitation on overlooking the waiver doctrine and held that, unless an appellant makes an express, knowing, and voluntary waiver of review pursuant to the PCRA, this Court will not engage in review of ineffective assistance of counsel claims on direct appeal.

***Commonwealth v. Colon***, 31 A.3d 309, 316-17 (Pa. Super. 2011) (footnote omitted).

In light of our discussion in **Colon**, we cannot overlook defense counsel's failure to object to the questioning by the trial judge that Appellant seeks to challenge herein. Thus, we affirm his judgment of sentence.[1]

---

[1] In its Rule 1925(a) opinion, the trial court addressed, and rejected, Appellant's claim on the merits. We observe that "[w]e may affirm the trial court's determination on any grounds, even where those grounds were not suggested to or known by the trial court." ***Commonwealth v. Gatlos***, 76 A.3d 44, 62 n.14 (Pa. Super. 2013). Even assuming *arguendo* that Appellant had not waived his claim, we conclude that he is not entitled to relief on the merits for the reasons stated in the trial court's opinion. ***See*** Trial Court Opinion, 5/13/2016, at 2-3 (explaining that, *inter alia*, its brief, neutral questioning of the victim was an attempt to clarify the victim's seemingly inconsistent testimony).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016