J-S50022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID PAYO, | : | |
| | : | |
| Appellant | : | No. 84 WDA 2014 |

Appeal from the Judgment of Sentence Entered August 19, 2010,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No. CP-02-CR-0016545-2008.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 10, 2014**

David Payo, Appellant, appeals *nunc pro tunc* from the judgment of

sentence entered August 19, 2010, following his entry of a guilty plea to

robbery. We affirm.

At the guilty-plea hearing, the Commonwealth summarized the facts of

the crime as follows:

> [O]n or about December 13th of 2007, at approximately 10:20
> hours, West Mifflin Police received a call from the Iron and Glass
> Bank to report a robbery that had just occurred there.
>
>      The teller [who] was approached by the actor was [A.C.].
> She reported that a man dressed in a gray hoodie with a flannel
> coat over the top of his head entered the bank and came to her
> window, that he was carrying a blue colored bank type bag, and
> that he pulled out a note that read something like, Hundreds and
> fifties; don't fuck up; they're watching.

[A.C.], fearing for her safety, gave the hooded man $5,150 in U.S. currency that she had in her bottom drawer.

The man put the money and the note in his blue bank bag and fled out of the bank. He was described as being 35-40 years of age. Height and other physical description details were given. Photographs were obtained by the FBI of the actor.

That and the result of several individuals who were interviewed, including [Appellant's] brother, assisted the detectives in making identification. [Appellant] was subsequently arrested.

N.T., 7/26/10, at 3–4.

The trial court summarized the procedural history as follows:

[Appellant] was charged with one (1) count of Robbery[1] in connection with the robbery of the Iron and Glass Bank in West Mifflin on December 13, 2007. On July 26, 2010, [Appellant] appeared before this Court and, pursuant to a plea agreement with the Commonwealth, pled guilty to the [robbery] charge in exchange for a term of imprisonment of eighteen (18) to thirty-six (36) months, to run consecutive to a sentence he was already serving at another information. He subsequently filed Post-Sentence Motions, at which time this Court re-sentenced [Appellant] to a term of imprisonment of four (4) to eight (8) years concurrent to the sentence he was currently serving, the original plea offer by the Commonwealth.

[1]18 Pa.C.S.A. §3701(a)(1)(iv).

No action was taken until March 30, 2011, when [Appellant] filed a *pro se* Post Conviction Relief Act Petition. Counsel was appointed to represent [Appellant], but [he] eventually filed a Turner[1] letter and was permitted to withdraw. On July 14, 2011, after giving the appropriate notice, this Court dismissed [Appellant's] *pro se* PCRA Petition without a hearing.

---

1 ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988).

Again, no further action was taken until November 6, 2011, when [Appellant] filed a "Petition to Compel the Common Pleas Court of Allegheny County to Service [sic] the Denial of Petitioner's Post Conviction Collateral Petition,"[2] alleging that he received the Notice of Intent to Deny the PCRA Petition, but did not actually receive the denial itself. Despite having served [Appellant] with the Order, on January 5, 2012, this Court entered an Order reinstating [Appellant's] appellate rights from the July 14, 2011 denial of the [PCRA] Petition and ordering that any and all appeals be filed within thirty (30) days. This Court served [Appellant] with a copy of that Order via Certified Mail, with return receipt.

Once again, no action was taken.[3] The reinstatement of thirty (30) days was allowed to expire with no appeal having been filed. Finally, on May 11, 2012[4]—128 days later— [Appellant] filed a Notice of Appeal with the Superior Court.[5] . . . [T]he Superior Court addressed the merits of the appeal

---

[2] This petition apparently was filed in the Commonwealth Court, which transferred it to the Pennsylvania Supreme Court "for consideration under its superintendency powers." Commonwealth Court Order, 11/22/11.

[3] A panel in a subsequent appeal of this Court explained:

On March 20, 2012, [Appellant] discovered no appeal had been docketed. He attempted to discover what had happened, but could not. On May 3, 2012, our Court received a Motion to Compel. On May 9, 2012, our Court issued an order granting [Appellant's] motion and directing the lower court to process [Appellant'] notice of appeal. The notice of appeal was formally docketed on May 11, 2012.

**Commonwealth v. Payo**, 762 WDA 2012, 81 A.3d 989 (Pa. Super. filed May 3, 2013)(unpublished memorandum at 2–3).

[4] The docket entries reveal that in the interim, Appellant filed a petition for writ of *mandamus* in the Pennsylvania Supreme Court, which was denied on April 25, 2012.

[5] While this document is not in the record certified to us on appeal, the docket reflects its filing on May 11, 2012.

and remanded the case for an evidentiary hearing to determine if [Appellant] asked trial counsel to file a direct appeal.[6]  This Court scheduled the hearing for August 19, 2013, but due to a transportation mix-up, [Appellant] was not brought to the Courthouse.  Nevertheless, the Commonwealth consented to the reinstatement of his Post-Sentence Motion rights, which this Court then ordered the same day.  Timely Post-Sentence Motions were subsequently filed and were denied on December 19, 2013.  This appeal followed.

Trial Court Opinion, 5/5/14, at 1–2.  The trial court ordered Appellant to comply with Pa.R.A.P. 1925 on January 13, 2014, but that order is not in the certified record, although the docket notes its filing.  Appellant timely complied on January 21, 2014.

Appellant presents the following single issue for our review:

1.  Did the trial court err in denying Appellant's post sentencing motions since Appellant's 7/26/10 guilty plea was involuntary since he was coerced and misled by trial counsel Brestensky into pleading guilty since she assured him that the 7/26/10 denial of his rule 600 speedy trial motion could be raised in a Superior Court appeal, even after he pled guilty (she never informed him that the rule 600 claim could not be raised in an appeal).  Moreover, trial counsel, rather than Appellant, filled out the written guilty plea colloquy since Appellant was handcuffed at the time, and so Appellant was unaware that written colloquy question No. 25 indicated that all pretrial motions were abandoned if he pled.

Appellant's Brief at 3 (full capitalization omitted).

---

[6]  **Payo**, 762 WDA 2012 (unpublished memorandum at *5) (vacating order denying Appellant PCRA relief and order granting counsel's request to withdraw and remanding for a hearing "to determine the facts surrounding [Appellant's] request to file a direct appeal").

Appellant's issue raises an allegation that trial counsel provided ineffective assistance by coercing and misleading Appellant to plead guilty. In particular, he maintains that counsel gave him incorrect advice regarding the appealability of the motion he filed pursuant to Pa.R.Crim.P. 600. The trial court held:

> In his Post-Sentence Motions, [Appellant] raised the same substantive claim at issue in this appeal, namely that counsel improperly induced his plea by advising him that he could appeal the denial of his pre-trial Rule 600 motion and that he did not see the waiver on the colloquy form because counsel filled it out for him. A careful review of this issue reveals that [Appellant] has couched his claim in terms relating to counsel's inducement of the plea through incorrect legal advice. Claims relating to trial counsel's effectiveness in conjunction with the entry of a guilty plea are properly raised on collateral review and are not cognizable on direct appeal. Appointed counsel seems to recognize this distinction, as the Concise Statement expressly notes that [Appellant] "wanted a Superior Court appeal rather than a PCRA Petition filed." (Concise Statement of Matters Complained of on Appeal, p. 4). By basing the claim on counsel's ineffectiveness, [Appellant] has removed himself from the ambit of the direct appeal and should instead save this claim until collateral review.

Trial Court Opinion, 5/5/14, at 3–4. For the reasons that follow, we defer this claim to be raised in a subsequent petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court considered "the reviewability of claims of ineffective assistance ("IAC") of counsel on post-verdict motions and direct appeal." *Id*. at 563. Following a comprehensive review of the language codified in the PCRA and decisions

from our courts, the **Holmes** Court revisited the exception to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), as described in **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003), and held that absent either good cause or exceptional circumstances and a waiver of PCRA review, IAC claims must await collateral review. **See also Commonwealth v. Barnett**, 25 A.3d 371, 373 (Pa. Super. 2011) (*en banc*) ("[T]he Supreme Court has limited the applicability of **Bomar**" such that most assertions of ineffective assistance of counsel "are appropriately raised only on collateral review."); **Commonwealth v. Britt**, 83 A.3d 198, 203 (Pa. Super. 2013) ("[A]bsent either good cause or exceptional circumstances and a waiver of PCRA review, ineffective assistance of counsel claims must await collateral review.").

Herein, there is no indication in the record that good cause or extraordinary circumstances exist such that Appellant's IAC claim warrants review on direct appeal or that Appellant expressly waived his right to PCRA review. **See also Barnett** (holding that this Court cannot review IAC claims on direct appeal absent a defendant's waiver of PCRA review). Consequently, in light of **Holmes**, we dismiss Appellant's claim of ineffective assistance of counsel without prejudice to his ability to raise it in a subsequent PCRA petition, if he so chooses.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014