J-S61017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK MICHAEL GLEASON | |
| Appellant | No. 224 WDA 2014 |

Appeal from the Judgment of Sentence of March 24, 2011
In the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000203-2010

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK MICHAEL GLEASON | |
| Appellant | No. 225 WDA 2014 |

Appeal from the Judgment of Sentence of March 25, 2011
In the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000031-2010

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK MICHAEL GLEASON | |
| Appellant | No. 226 WDA 2014 |

Appeal from the Judgment of Sentence of March 1, 2011
In the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000138-2009

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 12, 2014**

Derrick Michael Gleason appeals three judgments of sentence entered in the Potter County Court of Common Pleas following his convictions for fleeing or attempting to elude a police officer, three counts of unlawful restraint, four counts of reckless endangerment, reckless driving, exceeding the maximum speed limit, criminal conspiracy to commit simple assault, two counts of simple assault, two counts of disorderly conduct, criminal attempt to escape, and institutional vandalism.  This Court, *sua sponte*, consolidated the three cases for the purposes of this direct appeal.  We affirm the judgments of sentence.

At CP-53-CR-203-2010, Gleason was charged with criminal conspiracy, aggravated assault, assault by prisoner, simple assault, recklessly endangering another person, disorderly conduct, and harassment.[1]  On March 1, 2011, Gleason pleaded guilty to one count of conspiracy to commit simple assault, simple assault, reckless endangerment of another person,

_____

[*]    Retired Senior Judge assigned to the Superior Court.

[1]    18 Pa.C.S. §§ 903, 2702(A)(1), 2703, 2701(A)(1), 2705, 5503(A)(1), 2709(A)(1), respectively.

and disorderly conduct. The remaining charges were *nolle prossed* by the Commonwealth.

At CP-53-CR-31-2010, Gleason was charged with one count of aggravated assault, criminal attempt to escape, institutional vandalism, simple assault, disorderly conduct, and harassment.[2] On March 1, 2011, Gleason pleaded *nolo contendere* to criminal attempt to escape, and pleaded guilty to institutional vandalism, simple assault, and disorderly conduct. The Commonwealth *nolle prossed* the remaining counts.

On October 6, 2009, at CP-53-CR-138-2009, Gleason was charged with the following crimes by criminal information: fleeing or attempting to elude officer, three counts of unlawful restraint/serious bodily injury, three counts of recklessly endangering another person, reckless driving, and exceeding the maximum speed limit established by forty-seven miles per hour.[3] On February 10, 2010, Gleason pleaded guilty to the count of fleeing or attempting to elude officer and one count of reckless endangering another person. On March 16, 2010, the Commonwealth moved to withdraw the plea agreement, and the motion was granted on July 28, 2010.

_____

[2]    18 Pa.C.S. §§ 903, 2702(A)(1), 2703, 2701(A)(1), 2705, 5503(A)(1), and 2709(A)(1) respectively.

[3]    75 Pa.C.S. § 3733(A); 18 Pa.C.S. §§ 2902(A)(1), 2705, and 75 Pa.C.S. §§ 3736(a), and 3362(A)(3), respectively.

On December 16, 2010, the trial court presided over a jury trial, which yielded the following facts: On March 15, 2009, Gleason had consumed several beers at the Northwoods Tavern. Gleason's Brief at 17. He left the tavern and traveled to Sheetz. *Id.* Upon Gleason's departure from Sheetz, Coudersport Police Officer William Wenzel ("Wenzel") followed Gleason, due to the fact that Wenzel observed Gleason accelerate quickly upon leaving the Sheetz parking lot. Notes of Testimony ("N.T."), Dec. 16, 2010, at 88. After Gleason turned onto Route 6, Wenzel observed him traveling at 72 miles per hour in a zone with a 25 miles per hour speed limit. N.T. at 89. After being pursued by Wenzel, Gleason stopped his vehicle in the area behind the Coudersport Post Office, and fled the scene on foot. N.T. at 98. Gleason was arrested approximately one to two weeks after the incident. N.T. at 105.

The jury convicted Gleason on all counts, with the exception of one count of unlawful restraint with serious bodily injury. Gleason was sentenced, *inter alia*, to an aggregate of no less than thirty-two months and not more than sixty-four months in a state correctional institution for all three cases.

On March 17, 2011, Gleason filed a notice of appeal with this Court for his sentence at CP-53-CR-138-2009; and on March 29, 2011, Gleason filed a notice of appeal with this Court at CP-53-CR-31-2010 and CP-53-CR-203-2010. On April 4, 2011, the trial court ordered Gleason to file a concise statement of errors complained of on appeal collectively for all three cases,

which Gleason filed on May 10, 2011. On April 12, 2013, the Commonwealth moved to quash the appeals, which was granted by this Court due to the fact that Gleason's counsel had failed to submit briefs.

On June 11, 2013, Gleason filed a second notice of appeal to this Court. On July 2, 2013, the trial court ordered Gleason to file a concise statement of errors complained of on appeal for all three cases, and Gleason filed his statement on July 17, 2013. On August 30, 2013, this Court, *sua sponte*, quashed Gleason's appeal as untimely without prejudice, allowing to seek an appeal in the trial court *nunc pro tunc*.

On January 9, 2014, the trial court reinstated Gleason's rights to file an appeal with this Court *nunc pro tunc*. On January 10, 2014, Gleason filed a third notice of appeal to this Court. On January 31, 2014, the trial court ordered Gleason to file a concise statement of errors complained of on appeal for all three cases, which Gleason filed on February 12, 2014. On February 12, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Gleason raises the following issues for our review:

Was the trial counsel ineffective and should the court reverse and remand all [of Gleason's] convictions where:

a. Trial counsel failed to provide adequate time to discuss the plea bargains at cases 31 and 203 CR 2010 as to prevent [Gleason] from tendered acknowledging and intelligent informed plea/

b. At 138 CR 2009, trial counsel failed to call all known witnesses available at the trial of December 16, 2010?

c. At 138 Criminal Division 2009, trial counsel was ineffective for failing to prepare and call [Gleason] to testify on his own behalf at jury trial and to inform [Gleason] of his right to testify and must consult with the defendant so as to ensure that any decision to forego testifying is knowing and intelligent.

d. Defense counsel failed to seek recusal of the District Attorney, Andy Watson, Esquire where one of the co-defendants was a distant cousin of the District Attorney which was disclosed to all parties prior to trial of December 16, 2010?

Gleason's Brief at 14.

Before we address the merits of the issues that Gleason raises on appeal, we first must address whether direct appeal is an appropriate forum to raise an ineffective assistance of counsel ("IAC") claim. It is not, and accordingly we affirm the judgments of sentence and dismiss Gleason's claims without prejudice.

Recently in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court considered the "reviewability of claims of ineffective assistance of counsel on post-verdict motions and direct appeal." **Id**. at 563. Following a comprehensive review of the language codified in the Post Conviction Relief Act ("PRCA"), **see** 42 Pa.C.S. §§ 9541-46, and decisions from our courts, the Supreme Court reaffirmed the principle that IAC claims must be deferred until collateral review, and, thus are not reviewable on direct appeal. **Id.** The Court crafted two exceptions to this general proscription. First, the Court held that a trial court may, in its discretion, entertain IAC claims where extraordinary circumstances exist such that

review of the claim would best serve the interests of justice. **Id.** at 563, 577. Second, the Court "repose[d] discretion in trial courts" to review IAC claims during post-sentence motions "only if (1) there is good cause shown, and (2) the unitary review so indulged in preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial restrictions of the PCRA." **Id.** at 563-64, 577-80.

In the instant case, upon careful review of Gleason's brief and the record, there are no extraordinary circumstances that would warrant this Court to entertain Gleason's IAC claim on direct appeal. There is also no indication from the record that Gleason waived his right to collateral review under the PCRA. **See also Commonwealth v. Barnett**, 25 A.3d 371 (Pa. Super. 2011) (*en banc*) (holding that this Court cannot review ineffective assistance of counsel claims on direct appeal absent a defendant's waiver of PCRA review). Therefore, Gleason's IAC claims are not cognizable.

Gleason's claim of ineffective assistance of counsel is dismissed without prejudice to be raised if he chooses in a subsequent timely PCRA petition. Judgments of sentence affirmed.

J-S61017-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2014