J-S71022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL T. MIDGLEY | |
| Appellant | No. 874 MDA 2014 |

Appeal from the Judgment of Sentence March 19, 2013
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001742-2012
CP-35-CR-0001749-2012
CP-35-CR-0002920-2010

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 16, 2015**

Appellant, Michael T. Midgley, appeals from the judgment of sentence entered March 19, 2013, by the Honorable Vito P. Geroulo, Court of Common Pleas of Lackawanna County.  Additionally, Midgley's court-appointed counsel, Kurt Thomas Lynott, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Midgley's judgment of sentence and grant counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

We distill the essence of this procedurally complex case as follows. On December 10, 2010, Midgley entered a guilty plea at docket number CP-35-CR-0002920-2010 to one count of receiving stolen property. On March 9, 2011, the trial court sentenced Midgley to three to twenty-three months' incarceration and ordered restitution for $500.00. On June 30, 2011, Midgley filed an untimely motion for reconsideration of sentence. That same day, the trial court modified Midgley's sentence permitting him to serve his minimum sentence under house arrest.

On November 31, 2012, Midgley entered a guilty plea at docket number CP-35-CR-0001742-2012 to one count of aggravated assault. At docket number CP-CR-0001749-2012, Midgley entered a plea of nolo contendere to simple assault. On March 19, 2013, the trial court conducted a sentencing hearing.[1] At number 2920 of 2010, the trial court revoked the parole granted for receiving stolen property, and resentenced Midgley to serve three to twenty-three months' imprisonment, without credit for time served. At number 1742 of 2012, aggravated assault, the trial court sentenced Midgley to nine to twenty-four months' imprisonment. At number 1749 of 2012, simple assault, the trial court sentenced Midgley to six to twenty-four months' imprisonment. The court ordered that all sentences be

_____

[1] Prior to sentencing on March 5, 2013, Midgley filed a Motion to Withdraw Guilty Plea. This motion was withdrawn at the sentencing hearing. **See** N.T., Sentencing, 3/19/13 at 5.

served consecutively, for an aggregate term of 18 to 71 months' imprisonment.

Prior to sentencing, on December 12, 2012, Midgley filed a *pro se* PCRA petition at number 2920 of 2010, and the PCRA court appointed Kurt Lynott, Esquire, as counsel. Following sentencing, on May 8, 2013, Midgley filed another PCRA petition at number 2920 of 2010 and numbers 1742 and 1749 of 2012. A third *pro se* PCRA petition encompassing all three docket numbers was filed on August 22, 2013. That same day, Attorney Lynott was appointed to represent Midgley regarding the PCRA petition. On April 22, 2014, the PCRA court granted Midgley's petition in part and reinstated his direct appeal rights *nunc pro tunc* at number 2920 of 2010 and numbers 1742 and 1749 of 2012. This *nunc pro tunc* appeal followed.

Preliminarily, we note that Attorney Lynott has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Midgley's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 3 -

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

We note that Attorney Lynott has substantially complied with all of the requirements of *Anders* as articulated in *Santiago*, although he has failed to cite to the relevant portions of the record. Additionally, Attorney Lynott confirms that he sent a copy of the *Anders* brief to Midgley as well as a letter explaining to Midgley that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Lynott's petition, as required by this Court's decision in *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." *Id*., at 749 (emphasis in original).

On November 12, 2014, Midgley filed a *pro se* brief in response to Attorney Lynott's petition. We will address Midgley's response in turn. We now proceed to examine the issue counsel sets forth in the *Anders* brief:

> Was the [t]rial [c]ounsel ineffective for allowing [Midgley] to enter an unlawful plea of guilty?

*Anders* Brief at 4.

It is axiomatic that, "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). In *Commonwealth v. Barnett*, 25 A.3d 371 (Pa. Super. 2011), an en banc

panel of this court concluded that we "cannot engage in review of ineffective assistance of counsel claims on direct appeal absent an 'express, knowing and voluntary waiver of PCRA review.'" *Id*., at 377 (citing *Commonwealth v. Liston*, 977 A.2d 1089, 1096 (Pa. 2009) (Castille, C.J., concurring)). Here, Midgley has failed to include "an express, knowing and voluntary waiver of PCRA review." *Id*. Therefore, we find the issue of ineffectiveness of trial counsel is not properly before this Court at this time.

To the extent that this issue can be construed as a challenge to the voluntariness of Midgley's guilty plea, this claim is without merit.[2] In assessing the voluntariness of a guilty plea, we note that "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead

---

[2] We examine the voluntariness of Midgley's plea only as it pertains to the pleas entered at numbers 1742 and 1749 of 2012. Midgley additionally purports to challenge his guilty plea to receiving stolen property entered at 2920 of 2010, on the basis that an incorrect calculation of the restitution amount, to which Midgley did not object, rendered his guilty plea involuntary. We note that the judgment of sentence entered at that docket number on March 19, 2013, was imposed following the revocation of Midgley's parole. Our scope of review in an appeal following a sentence imposed following revocation of parole or probation is limited to the validity of the revocation proceedings, the legality of the sentence and challenges to the discretionary aspects of the sentence imposed following revocation. *See Commonwealth v. Williams*, 69 A.3d 735, 740 n.5 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014). Thus, Midgley may not challenge his guilty plea to the underlying charge at this stage in the proceedings.

So far as Midgley argues in his response that counsel was ineffective in failing to challenge the restitution amount, this claim must await collateral review. *See Barnett*, *supra*.

guilty be knowingly, voluntarily and intelligently made.'" ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (quotation omitted).

> With regard to the voluntariness of a plea, a guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences. Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Competence to plead guilty requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him.

***Commonwealth v. Willis***, 68 A.3d 997, 1002 (Pa. Super. 2013) (internal quotes and citations omitted).

Instantly, the trial court engaged in a lengthy guilty plea colloquy, during which Midgley indicated that he had voluntarily filled out and signed the written guilty plea form with the assistance of his attorney. ***See*** N.T., Guilty Plea Hearing, 11/31/12 at 2-3. Midgley acknowledged that his answers on the form were true and correct, that he was satisfied with his attorney, that he understood the nature of the crimes for which he was charged, and that he was pleading guilty because he was guilty. ***See id***. at 3-5.[3] Significantly, Midgley attested at the guilty plea hearing that no one had made any promises or threats in exchange for his plea. ***See id***. at 4.

_____

[3] As noted, Midgley entered a guilty plea to the crime of aggravated assault, and pled nolo contendere to simple assault. Thus, while he admitted that he committed the crime of aggravated assault, he acknowledged only that there
*(Footnote Continued Next Page)*

In his response to counsel's **Anders** brief, Midgley alleges that his trial attorney used coercive tactics to scare him into taking the plea deal. Midgley argues that more severe offenses were added to the criminal complaint in order to force Midgley's plea, and then later withdrawn. Aside from these bald allegations, Midgley offers no evidence to support this claim. More importantly, Midgley's statement at the plea hearing that he had not been forced into entering a plea flatly belies this claim. "Appellant is bound by these statements, which he made in open court while under oath, and he may not now asserts grounds for withdrawing the plea which contradict the statements." **Willis**, 68 A.3d at 1009 (citing **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa. Super. 2007)). Accordingly, we find no evidence to suggest that Midgley's plea was involuntarily entered.

Midgley raises two additional claims in his response. He first alleges that the information used in the presentence investigation report ("PSI") at number 2920 of 2010 was false and defamatory. Midgley does not detail what information was false or defamatory, or in what manner he was prejudiced by the PSI. This claim is waived for lack of development. **See Commonwealth v. Delvalle**, 74 A.3d 1081, 1087 (Pa. Super. 2013) (finding undeveloped claim to be waived). Midgley lastly argues that the trial court imposed an excessive sentence when it issued consecutive

_(Footnote Continued)_ _____

was enough evidence to support the charge of simple assault at trial. **See id**. at 4.

sentences. Midgley did not preserve his discretionary sentencing claim at sentencing or in a timely motion for reconsideration of sentence. Consequently, we are constrained to find that Midgley has waived his challenge to the discretionary aspects of his sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

After examining the issues contained in the ***Anders*** brief, Midgley's reply brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015