J-S74003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT LEE | |
| Appellant | No. 2948 EDA 2015 |

Appeal from the Judgment of Sentence August 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000933-2014

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED OCTOBER 24, 2016**

Robert Lee ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia entered after he pled guilty to possession of a controlled substance with intent to deliver ("PWID"), criminal conspiracy, and possession of a handgun by a person prohibited from having one ("VUFA"). Sentenced to downward departure, concurrent terms of three-and-one-half to seven years' incarceration with a five-year probationary tail upon the court's order granting his motion for reconsideration, Appellant challenges the sufficiency of the evidence offered to support the charges, the discretionary aspects of his sentence, and the adequacy of plea counsel's representation. Appellate counsel has filed a

---

[*] Former Justice specially assigned to the Superior Court.

petition to withdraw from representation and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

On August 30, 2013, Appellant sold Oxycodone and Xanax pills to a confidential informant while under police surveillance, answered a subsequent drug-related phone call made by police, and was found in possession of more pills, a large amount of currency, and the cellular phone used to arrange the controlled buy during a search incident to his arrest. A subsequent search of the home he had exited prior to the controlled buy disclosed loaded, operable firearms and a cache of Oxycodone. N.T. 6/10/15 at 6-9. On June 10, 2015, Appellant pled guilty to the above charges and acknowledged under oath that his plea was voluntary, informed, and intelligent. **_Id._** at 8-9. The court initially sentenced Appellant to concurrent, below-mitigated range sentences of four to ten year sentences but, on September 18, 2015, granted Appellant's motion for reconsideration and reduced his sentence to three-and-one-half to seven years' incarceration. Appellant filed no post-sentence motion to his revised sentence but, instead, filed this timely direct appeal.

On October 6, 2015, the court appointed present counsel to represent Appellant on direct appeal. Appellant informed newly-appointed counsel that he wished to challenge the sufficiency of the evidence offered to support the weapons charge against him, for he neither owned nor resided in the home

in which contraband was recovered. He also sought to advance the claim that plea counsel rendered ineffective assistance of counsel in advising him to plead guilty and in failing to inform him that a new post-sentence motion for reconsideration of sentence would be required to challenge the court's revised sentence. On November 2, 2015, however, counsel filed a statement of intent to file an *Anders* brief, averring that his review of the entire record and pertinent authority on relevant issues led him to conclude there are no meritorious, non-frivolous issues to raise on appeal.

By way of our March 29, 2016 *per curiam* order, we denied counsel's initial petition to withdraw and accompanying *Anders* brief for non-compliance with procedures set forth in *Santiago*. On April 28, 2016, in compliance with our order, counsel re-petitioned this Court to withdraw as counsel and submitted a new *Anders* brief.

We do not consider the merits of an issue raised in an *Anders* brief without first reviewing a request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) file a petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the *Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. *Id*.

- 3 -

Counsel's petition to withdraw conforms to the procedural requirements of *Anders*. The petition indicates he reviewed the record and, based on that review, determined that this appeal is totally frivolous. It also indicates that counsel mailed a copy of the motion to withdraw and the brief to Appellant and that he informed Appellant of his right to hire counsel, represent himself in this appeal, or write to the court raising any additional points which he believes are worthy of the court's attention. A letter to Appellant is attached to the motion to withdraw, and it confirms that Appellant received a copy of the documents in question and was told about his right to proceed with private counsel or *pro se*.

We now examine the briefing requirements when counsel seeks to withdraw on direct appeal. Pursuant to *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Appellant's brief satisfies the mandates of *Santiago*. It first sets forth the procedural and factual history of this matter. Counsel then addresses each issue Appellant wishes to raise, acknowledges that Appellant denies possession of weapons recovered in a home in which he did not reside, and discusses why under existing authority Appellant's claims are either

frivolous, waived, or must be deferred until collateral review. Thus, we determine that counsel should be permitted to withdraw.

Accordingly, we will proceed to examine the appeal and make an independent determination of whether it is wholly frivolous. The **Anders** brief first identifies Appellant's assertion that insufficient evidence supported a VUFA charge where he did not reside at the house searched and, therefore, could not have possessed the guns located therein. Relatedly, Appellant also asserts that counsel was ineffective for advising him to plead guilty on such charge. To the extent this issue presents a challenge to the sufficiency of the evidence, our cases state that "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), **appeal denied**, 87 A.3d 319 (Pa. 2014). Appellant, therefore, waived his sufficiency of the evidence claim when he pled guilty to VUFA.

Regarding Appellant's ineffectiveness claim tied to counsel's advisement that he should plead guilty to VUFA, this claim must be deferred to collateral review pursuant to the dictates of our Supreme Court in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), wherein our Supreme Court held that a claim of ineffective assistance of counsel cannot be entertained on direct appeal. **See Commonwealth v. Barnett**, 25 A.3d 371, 377 (Pa.Super. 2011) (*en banc*) (pursuant to **Grant's** refinement in

- 5 -

*Commonwealth v. Liston*, 977 A.2d 1089 (Pa. 2009), and *Commonwealth v. Wright*, 961 A.2d 119, 148 n. 22 (Pa. 2008), the Superior Court is not permitted to review ineffective assistance of counsel claims on direct appeal unless the defendant has expressly, knowingly, and voluntarily waived PCRA review).

Appellant also contends that his below-mitigated range, three-and-one-half to seven-year sentence is excessive and reflects an abuse of the sentencing court's discretion. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa.Super.2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) Whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011) (footnotes omitted).

Here, Appellant failed to preserve this issue with either an objection before the sentencing court or a timely post-sentence motion. Therefore, he has waived this claim. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003) (citation omitted) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising

the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Appellant's remaining issue goes to plea counsel's failure to preserve his challenge to the discretionary aspects of his sentence. As noted above, however, we must defer resolution of this ineffective assistance of counsel claim to collateral review pursuant to the dictates of *Grant* and its progeny.

Judgment of sentence is affirmed. Petition to withdraw representation is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016