J-S63038-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                        :

                      v.                  :
                                        :
                                        :

HENRY CLAY CRAWFORD         :
                                        :

            Appellant            :      No. 639 WDA 2018

Appeal from the Judgment of Sentence Entered March 7, 2016
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000305-2013

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:        FILED NOVEMBER 20, 2018

Appellant, Henry Clay Crawford, appeals nunc pro tunc from the judgment of sentence entered in the Court of Common Pleas of Fayette County. Appellant asserts evidence was insufficient to support his convictions of Murder in the Third-Degree and Burglary[1] respectively. Additionally, Appellant's court-appointed counsel, James V. Natale, Esq., seeks permission to withdraw as counsel pursuant to Anders v California, 336 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). We affirm and grant Attorney Natale leave to withdraw.

On March 2, 2016, Appellant entered a guilty plea to charges of third-degree murder and burglary filed in connection with his fatal stabbing of victim Lisa Tupta. On March 7, 2016, the trial court sentenced Appellant to 25 to 50

_____

[1] 18 Pa.C.S.A. §§ 2502 and 2709(a)(1), respectively.

_____

\* Former Justice specially assigned to the Superior Court.

years' incarceration pursuant to the parties' plea bargain. Appellant did not file a direct appeal from his judgment of sentence.

On October 12, 2016, Appellant filed his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who sought reinstatement of Appellant's direct appeal rights. On November 21, 2017, the PCRA court granted permission to Appellant to file a direct appeal nunc pro tunc. Appellant thereafter filed a counseled direct appeal to this Court, but on February 2, 2018, we dismissed the appeal for counsel's failure to complete and return a docketing statement form to the Prothonotary, pursuant to Pa.R.A.P. 3517.

On April 20, 2018, Appellant filed a timely PCRA petition[2] seeking another nunc pro tunc reinstatement of his direct appeal rights. The PCRA granted the requested relief, appointed Attorney Natale as new counsel, and directed him to file a direct appeal on Appellant's behalf. Counsel filed a direct appeal nunc pro tunc on May 1, 2018, with this Court. On July 1, 2018,

_____

[2] We note that "when a PCRA petitioner's direct appeal rights are reinstated nunc pro tunc in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." Commonwealth v. Turner, 73 A.3d 1283, 1286 (Pa. Super. 2013). Here, Appellant's judgment of sentence had become final on or about March 6, 2018, when he allowed the 30-day period in which to file a petition for allowance of appeal with the Supreme Court to lapse. Appellant, therefore, had until March 6, 2019, to file his PCRA Petition. See 42 Pa.C.S.A. § 9545(b) (providing PCRA Petition must be filed within one year of date judgment becomes final). Because Appellant filed his PCRA Petition on April 20, 2018, his petition was timely.

however, counsel filed a petition to withdraw, attached to which was a July 30, 2018, notice of rights letter that he had sent to Appellant.

Before reaching the merits of the appeal, we must first address the propriety of counsel's petition to withdraw and Anders brief. We previously determined:

> Direct appeal counsel seeking to withdraw under Anders must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on the appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.
>
> Our Supreme Court has clarified portions of the Anders procedure:
>
>> In the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion

that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Commonwealth v. Cook, 175 A.3d 345, 348 (Pa. Super. 2017) (some citations omitted).

Our review confirms counsel has complied with all of the foregoing requirements pursuant to Anders and Santiago and Appellant has not filed a response. Thus, we proceed to review the issues set forth in counsel's Anders brief before conducting an independent review of the proceedings pursuant to Anders to discern if there are non-frivolous issues overlooked by counsel. Commonwealth v. Dempster, 187 A.3d 266 (Pa.Super. 2018) (en banc).

On appeal, counsel for Appellant presents the following issues:

I.   [WAS THERE] SUFFICIENT EVIDENCE PRESENTED BY THE COMMONWEALTH TO SUPPORT CHARGES OF THIRD DEGREE MURDER AND BURGLARY AGAINST [APPELLANT]?

II.  [WAS APPELLANT'S GUILTY PLEA] KNOWING, VOLUNTARY, AND INTELLIGENT WHEN [APPELLANT] CLAIMS THAT HIS COUNSEL FAILED TO CONSULT HIM REGARDING HIS CASE TO DEVELOP A STRATEGY FOR THE DEFENSE?

Anders Brief at 3.

The Anders brief first identifies Appellant's assertion that insufficient evidence supported the charges of third-degree murder and burglary. Our

decisions hold, however, that "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." Commonwealth v. Lincoln, 72 A.3d 606, 609 (Pa.Super. 2013) (citation omitted). It follows that pleading guilty waives a future challenge to the sufficiency of the evidence. See Commonwealth v. Robinson, 970 A.2d 455 (Pa.Super.2009) (en banc) (challenge to sufficiency of evidence waived by pleading guilty). Appellant, therefore, waived his sufficiency of the evidence claim when he pleaded guilty to third-degree murder and burglary.

Regarding Appellant's ineffective assistance of counsel claim inducing him to enter an unknowing, unintelligent, and involuntary guilty plea, this claim must be deferred to collateral review pursuant to the dictates of our Supreme Court's decision in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002) (holding ineffective assistance of counsel claims cannot be entertained on appeal). See Commonwealth v. Barnett, 25 A.3d 371, 377 (Pa.Super. 2011) (en banc) (pursuant to Grant's refinement in Commonwealth v. Liston, 977 A.2d 1089 (Pa. 2009), and Commonwealth v. Wright, 961 A.2d 119, 148 n.22 (Pa. 2008), Pennsylvania Superior Court not permitted to review ineffective assistance of counsel claims on direct appeal, unless defendant has expressly, knowingly, and voluntarily waived any further PCRA review). See also Commonwealth v. Holmes, 79 A.3d 562 (Pa. 2013) (holding trial court retained discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal where: (1) the claim of ineffectiveness

is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; or (2) where there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from his conviction and sentence).

Here, because the present case involves neither exception to the general rule of deferral expressed in Grant and its progeny, we must defer resolution of his ineffective assistance of counsel claim to collateral review.

Counsel's petition to withdraw granted. Judgment of Sentence affirmed. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018