J-S09009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD GAINES | : | |
| | : | |
| Appellant | : | No. 1053 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 8, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007807-2016

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                              **FILED MAY 01, 2020**

Appellant, Richard Gaines, appeals from the March 8, 2019 judgment of

sentence entered in the Montgomery County Court of Common Pleas following

a jury trial.  We affirm.

The trial court summarized the procedural history and facts of the crime

as follows:

> [Appellant], represented by Attorney Marc Frumer, was found guilty of two counts of possession with intent to deliver,[1] two counts of possession of a controlled substance,[2] and two counts of paraphernalia delivery,[3] following a two-day jury trial on October 10, 2018[,] and October 11, 2018.
>
> [1] 35 P.S.780-113(a)(30)[.]
> [2] 35 P.S 780-113(a)(16)[.]
> [3] 35 P.S.780-113(a)(33)[.]

---

[*] Retired Senior Judge assigned to the Superior Court.

Prior to trial, [Appellant] filed a motion *in limine* to preclude all testimony, statements, and evidence or information obtained from the confidential informant.[4] The Commonwealth filed a response to [Appellant's] motion, and included a prior bad acts motion within that response.[5] Argument was held on December 19, 2017[,] on both motions. By Order dated March 6, 2018, this [c]ourt denied [Appellant's] blanket pre-trial motion[,] which sought to preclude all evidence obtained from the confidential informant. However, the [c]ourt ordered that [Appellant] be permitted to object and argue against the admission of specific evidence should the Commonwealth seek to admit it. Additionally, the [c]ourt denied the Commonwealth's [Pa.R.E.] 404(b) Motion in its Order dated March 6, 2018.[6] *See Trial Court Order dated March 6, 2018*.

[4] [Appellant's] Motion in Limine Precluding all Testimony, Statements, and Derivative Evidence and/or Information Obtained from the Confidential Informant at Trial, dated December 5, 2017.

[5] Commonwealth's Response dated December 12, 2017.

[6] In May, 2016, [Appellant] filed a Motion to disclose the identity of the informant, which was later deemed Moot as the informant passed away shortly thereafter.

A jury trial was held on October 10, 2018[,] and October 11, 2018. The charges brought against [Appellant] resulted from two drug purchases arranged by the Cheltenham Police Department and conducted through a confidential informant, hereinafter "CI." The first purchase occurred on April 27, 2016[,] and the second on May 16, 2016. (N.T., October 10, 2018, pp. 37, 54)[.]

For the April 27, 2016 transaction, the CI made contact with a drug dealer known as Bee and arranged the transaction. (N.T., October 10, 2018, p. 37). Just prior to the meeting with Bee, the CI was searched, so as to assure he/she was free from contraband and money, and was given one hundred and eighty dollars ($180) in prerecorded currency to use for the drug purchase. (N.T., October 10, 2018, pp. 38, 47). Sergeant Michael Regan of the Cheltenham Township Police Department carefully monitored the CI during the drug transaction and observed the entire purchase. (N.T., October10, 2018, pp. 46-50).

The CI was observed getting into the passenger side of a green Mercury Mountaineer. The vehicle then drove through a parking lot for several minutes before the CI exited the vehicle. (N.T., October 10, 2018, p. 48). From his surveillance position, Sergeant Regan identified [Appellant] as the driver of the green Mercury Mountaineer.[7] (N.T., October, 10, 2018, p. 48). Upon returning to the police, the CI turned over two (2) bundles of heroin and was re-searched in order to confirm that the CI did not have any additional drugs or money on him/her. (N.T., October 10, 2018, p. 51).

> [7] The green Mercury Mountaineer was found to be registered to [Appellant]. (N.T., October 10, 2018, p. 54).

The second transaction between the CI and [Appellant] took place on May 16, 2016. The CI contacted the same phone number that was called for the first transaction. (N.T., October 10, 2018, p. 54). Similar to the first transaction, the CI was searched by the offices [sic] so as to confirm that he was free of contraband and money. The CI was again given one hundred and eighty dollars ($180) in prerecorded currency. (N.T., October 10, 2018, p. 55). The CI walked to the same location as the last purchase and was again followed by police. (N.T., October 10, 2018, p. 55). Sergeant Regan, in addition to Officer O'Donnell, Officer Chifello, and Officer Diaz, had the CI under surveillance during the entire transaction. (N.T., October 10, 2018, p.56).

For the second transaction, the CI again got into the vehicle[,] which drove a short distance in the parking lot[] and was dropped back off near the entrance. (N.T., October 10, 2018, p. 58). The entire transaction was once again observed by Sergeant Regan. (N.T., October 10, 2018, p. 58). The CI returned with two (2) bundles of heroin. (N.T., October 10, 2018, p. 59).

At the conclusion of deliberation, the [j]ury found [Appellant] guilty on all six charges. [Appellant] was sentenced on March 8, 2019. Prior to sentencing [Appellant] made an oral motion for extraordinary relief, which was denied by the [c]ourt.[8] [Appellant] asserted that the Commonwealth failed to provide [Appellant] with information regarding the confidential informant, which he argued was discoverable *Brady*[9] material. (N.T., March

8, 2019, p. 9). The Commonwealth countered that such information did not exist, but if it did, it was protected with the informant's identity, which was to remain confidential.

> [8] [Appellant] initially filed a written motion, however, as such motions may only be made orally, [Pa.R.Crim.P. 704(B),] the [c]ourt disregarded [Appellant's] written motion, but allowed [Appellant's] attorney to make the oral motion prior to sentencing.
>
> [9] *Brady v. Maryland*, 373 U.S. 83 (US Supreme Ct. 1963).

On April 5, 2019, the instant timely notice of direct appeal was filed with Superior Court of Pennsylvania. By Order dated April 9, 2019, the undersigned directed [Appellant] to file a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Trial Court Opinion, 6/12/19, at 1–4. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.    Whether the trial court abused its discretion in denying [A]ppellant[']s Motion for disclosure of the identity, statements, and discovery concerning the [CI] because the informant had died prior to trial?

II.   Whether the Commonwealth withheld requested <u>Brady</u> material, and erred in denying [A]ppellant[']s Motion for Extraordinary relief by failing to disclose the agreement made with the police and/or district attorney's office for "working off" the charges?

III.  Whether this Court should review the issues raised herein in this appeal, or grant remand for purposes of allowing newly appointed counsel on direct appeal to file [a] Post-Sentence Motion *Nunc Pro Tunc* as a result of trial counsel ineffective assistance?

Appellant's Brief at 6.

Appellant first argues that the trial court abused its discretion in denying his motion to disclose the identity of the CI. Appellant's Brief at 21. "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." *Commonwealth v. Jordan*, 125 A.3d 55, 62 (Pa. Super. 2015) (*en banc*)). *Jordan* delineated the applicable Pennsylvania Supreme Court precedent outlining the test employed to determine whether the Commonwealth must reveal the identity of a confidential informant, as set forth in *Commonwealth v. Bing*, 713 A.2d 56 (Pa. 1998). The Commonwealth retains a qualified privilege to withhold the identity of a confidential source. *Commonwealth v. Watson*, 69 A.3d 605, 607 (Pa. Super. 2013). In order to overcome the Commonwealth's privilege and obtain disclosure of a CI's identity during pretrial discovery, the defendant must establish that the informant's identity is material to the preparation of a defense and that the request is reasonable. *Jordan*, 125 A.3d at 63; Pa.R.Crim.P. 573(B)(2)(i). The trial court may not exercise its discretion to determine whether disclosure is required until the defendant makes the threshold showing of materiality and reasonableness. *Jordan*, 125 A.3d at 63.

Appellant asserts that the CI's identity should have been disclosed to Appellant prior to trial because the CI was "the only eyewitness to the hand-to-hand exchange." Appellant's Brief at 24. Appellant suggests that Sergeant

Regan, observing from his vehicle at a distance "could not see and/or hear what was occurring inside the vehicle." *Id.* Thus, Appellant maintains that "the jury had to rely upon circumstantial evidence." *Id.*

This issue is waived. First, Appellant substantiates no such denial order by the trial court. Appellant's Brief at 21–25. To the extent that the trial court indicated at a December, 2017 hearing that based upon the law, the court **would have** denied the motion, defense counsel stated, "Yes, I agree with that." N.T., 12/19/17, at 3. Second, the trial court explained, "At a hearing before the [c]ourt in October 2017[,] it was brought to this [c]ourt's attention that the CI had passed away. At that time, **it was agreed upon by the parties that the Defense motion seeking to disclose the CI's identity was deemed moot**." Trial Court Opinion, 6/12/19, at 6 (emphasis added). We note that the record certified to us on appeal does not contain notes of testimony from an October, 2017 hearing.[1] However, Appellant, by new counsel on appeal, acknowledges defense counsel indeed concurred that the issue of the CI's identity was moot and suggests that trial counsel "should not have agreed that the pre-trial Motion became moot upon the death of the informant . . . ." Appellant's Brief at 34. Thus, we agree with the trial court's determination that the issue is waived. The trial court stated:

---

[1] "It is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012).

> Counsel is not permitted to raise the merits of an issue for the first time on appeal. The Pa[.] Rules of Appellate Procedure clearly state that issues not raised in the lower court cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Prior to this [c]ourt addressing the merits of the motion to disclose, [Appellant] and the Commonwealth, by agreement, determined that the motion was moot, thereby waiving [Appellant's] right to now litigate the merits on appeal.

Trial Court Opinion, 6/12/19, at 6. ***Accord Commonwealth v. Torres-Kuilan***, 156 A.3d 1229, 1231 (Pa. Super. 2017) (issues not raised in lower court are waived and cannot be raised for the first time on appeal).

Appellant's second issue asserts that the Commonwealth withheld ***Brady*** material, and the trial court erred in denying his Motion for Extraordinary Relief. Appellant's Brief at 25. Appellant fails to analyze the procedural posture of his request. This issue is waived.

At sentencing, the trial court addressed Appellant's written Motion for Extraordinary Relief. N.T. (Sentencing), 3/8/19, at 3. The trial court informed counsel that such motion must be made orally. ***See*** Pa.R.Crim.P. 704(B)(1) ("Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an **oral motion** in arrest of judgment, for a judgment of acquittal, or for a new trial") (emphasis added).[2]

---

[2] The comment to this rule provides that it:

> is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential. . . . [T]he basic purpose of the rule [is as follows:] when there has been an egregious error in the proceedings, the interests of justice

*See also Commonwealth v. Fisher*, 764 A.2d 82 (Pa. Super. 2000) (Plain terms of predecessor rule to Pa.R.Crim.P. 704, governing oral motions for extraordinary relief, do not permit the filing of a written motion for such relief prior to sentencing). After the court called Appellant's attention to his noncompliance with the rule, defense counsel then made an oral motion reiterating the arguments in his written motion. N.T. (Sentencing), 3/8/19, at 3. The trial court entertained argument by both Appellant and the Commonwealth and denied the motion. *Id.* at 4–20.

Appellant did not raise his *Brady* claim at the earliest opportunity. He could have raised it pretrial, as soon as he learned that the prosecutor did not intend to provide him with the requested information. He also could have raised it at trial when he learned during Sergeant Regan's testimony that the CI was "working off" charges. N.T. (Jury Trial), 10/11/18, at 9–10. Most importantly, Appellant did not raise the claim in a post-sentence motion. Instead, he raised it only by way of the motion for extraordinary relief, which did not preserve it for appellate review. *See* Pa.R.Crim.P. 704(B)(3) ("A motion for extraordinary relief shall have no effect on the preservation or

---

are best served by deciding that issue before sentence is imposed. Because the relief provided by this section is extraordinary, boilerplate motions for extraordinary relief should be summarily denied.

Pa.R.Crim.P. 704, cmt.

waiver of issues for post-sentence consideration or appeal.").  The comment

to this section of the rule explains as follows:

> Paragraph (B)(3) is intended to make it clear that a motion for extraordinary relief is neither necessary **nor sufficient to preserve an issue for appeal**.  The failure to make a motion for extraordinary relief, or the failure to raise a particular issue in such a motion, does not constitute a waiver of any issue.  Conversely, the making of a motion for extraordinary relief does not, of itself, preserve any issue raised in the motion, nor does the judge's denial of the motion preserve any issue.

Pa.R.Crim.P. 704(B)(3), cmt (emphasis added).  For these reasons, the issue

is waived.

Even if not waived, we would agree with the trial court that the issue

lacks merit.  Under **Brady**:

> "a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature." **Commonwealth v. Spotz** [610 Pa. 17], 18 A.3d 244, 275–76 (Pa. 2011) (citation omitted). To establish a **Brady** violation, [an] appellant must demonstrate: the evidence at issue was favorable to him, because it was either exculpatory or could have been used for impeachment; the prosecution either willfully or inadvertently suppressed the evidence; and prejudice ensued. **Id.**, at 276 (citation omitted).  "The evidence at issue must have been 'material evidence that deprived the defendant of a fair trial.' ... 'Favorable evidence is material ... if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" **Id**. (citations omitted).

**Commonwealth v. Champney**, 65 A.3d 386, 397 (Pa. 2013).

Speaking to the merits, the trial court stated:

[Appellant], in his motion for extraordinary relief, alleged that it was clear from the testimony of Sergeant Regan that the Commonwealth was withholding information regarding the CI.

- 9 -

Sergeant Regan explained to the jury the process of how a CI operates and that in some cases, a CI may be "working off charges." (N.T., October 10, 2018, p. 31). [Appellant] assumed this testimony to indicate that the CI in this case was "working off" charges for the police and that documentation regarding that would exist. However, it is clear from his testimony that when Sergeant Regan[] stated[,] "[G]enerally they are working off charges..." he was broadly explaining confidential informants to the jury and not describing this specific CI (N.T., October 10, 2018, p. 31). Therefore, it is clear to this [c]ourt that [Appellant's] claim of a *Brady* violation via the motion for extraordinary relief was without merit.

Trial Court Opinion, 6/12/19, at 7–8.

The evidence that Appellant argues was suppressed was information that the CI "worked off" charges. Appellant's Brief at 27. He claims that such evidence would have demonstrated the CI's bias and motive to lie, thus casting doubt on the Commonwealth's case. *Id.* Notwithstanding the fact that the CI did not testify, to the extent he would have been impeached, in effect, he **was** impeached. Appellant presented the allegedly impeaching evidence to the jury when Sergeant Regan testified on cross-examination that the CI was "working off" charges and had "something to gain" by helping police. N.T. (Jury Trial), 10/11/18, at 10. Defense counsel used that information—the very information Appellant now complains was withheld—to subsequently aver during summation that the CI was a "polluted source" who generally could not be trusted and otherwise cast doubt over the entire investigation. *Id.* at 84–85. We agree with the Commonwealth that under these circumstances, Appellant cannot show that the outcome of his trial would have been different because he actually presented the sought-after

- 10 -

information. Commonwealth's Brief at 12. Thus, even if not waived, we would find the issue lacks merit.

Finally, Appellant suggests this Court should remand this case to permit counsel to file a post-sentence motion *nunc pro tunc* "as a result of trial counsel['s] ineffective assistance." Appellant's Brief at 29. Appellant is incorrect. Rather, any claims of ineffective assistance of counsel are deferred to be raised in a subsequent petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court considered "the reviewability of claims of ineffective assistance ("IAC") of counsel on post-verdict motions and direct appeal." **Id**. at 563. Following a comprehensive review of the language codified in the PCRA and decisions from our courts, the **Holmes** Court revisited the exception to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), as described in **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003), and held that absent either good cause or exceptional circumstances and a waiver of PCRA review, IAC claims must await collateral review. **See also Commonwealth v. Barnett**, 25 A.3d 371, 373 (Pa. Super. 2011) (*en banc*) ("[T]he Supreme Court has limited the applicability of **Bomar**" such that most assertions of ineffective assistance of counsel "are appropriately raised only on collateral review."); **Commonwealth v. Britt**, 83 A.3d 198, 203 (Pa. Super. 2013) ("[A]bsent either good cause or exceptional circumstances and a waiver of

- 11 -

PCRA review, ineffective assistance of counsel claims must await collateral review.").

We note that **Holmes** applies to ineffectiveness claims themselves, not the underlying substantive claims, which herein, are trial court error and the withholding of alleged **Brady** material. However, to the extent that Appellant has even articulated proper ineffectiveness claims, there is no indication in the record that good cause or extraordinary circumstances exist such that Appellant's claims warrant review on direct appeal or that Appellant expressly waived his right to PCRA review. **See also Barnett** (holding that this Court cannot review IAC claims on direct appeal absent a defendant's waiver of PCRA review). Consequently, we decline to address Appellant's claims in the context of ineffective assistance of counsel and/or remand to the trial court without prejudice to his ability to raise the issues in a subsequent PCRA petition, if he so chooses.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/1/2020*